ELLIS-DON CONSTRUCTION, INC., ELLIS-DON CONSTRUCTION, INC., as the ASSIGNEE OF RALEIGH-DURHAM AIRPORT AUTHORITY, Plaintiffs v. HNTB CORPORATION, Defendant

No. COA04-829

(Filed 5 April 2005)

**1. Appeal and Error— preservation of issues—questions not raised at trial**

Issues and theories not raised at trial were not reviewed on appeal.

**2. Appeal and Error— preservation of issues—assignments of error—arguments required**

Assignments of error not supported by argument or authorities were abandoned.

ELLIS-DON CONSTR., INC. v. HNTB CORP.

[169 N.C. App. 630 (2005)]

## 3. Arbitration and Mediation— denial of motion to compel— findings required

The denial of a motion to stay and compel arbitration in a construction dispute was reversed and remanded for further findings where the court's order contained neither factual findings that would allow review, nor a determination of whether an arbitration agreement exists between the parties.

Appeal by defendant from order entered 19 February 2004 by Judge W. Osmond Smith, III, in Wake County Superior Court. Heard in the Court of Appeals 2 March 2005.

*Nigle B. Barrow, Jr.; and Hendrick Phillips Salzman & Flatt, by Martin R. Salzman and William D. Flatt, pro hac vice, for plaintiffs-appellees.*

*Maupin Taylor, P.A., by John I. Mabe, Jr., for defendant-appellant.*

TYSON, Judge.

HNTB Corporation ("defendant") appeals the trial court's denial of its motion to dismiss and motion to stay and compel arbitration. We remand for further findings of fact and conclusions of law.

## I. BACKGROUND

In June 1996, Walker Parking Consultants/Engineers, Inc. ("WPCE") contracted with Raleigh-Durham Airport Authority ("RDAA") to provide facility planning and engineering services for the construction and renovation of a parking garage at the Raleigh-Durham Airport ("the Project"). Shortly thereafter WPCE contracted with defendant to provide design services for the Project as a subcontractor.

In January 1998, Ellis-Don Construction, Inc. ("plaintiff") was awarded the general construction contract by RDAA for the Project. Both contracts between RDAA and WPCE and RDAA and plaintiff include identical arbitration clauses. The contract between WPCE and defendant incorporates the same dispute resolution clause.

While performing its obligations under the contract, plaintiff alleges it incurred unanticipated and significant cost overruns due to circumstances beyond its control. Plaintiff submitted to RDAA a request for equitable adjustment to be reimbursed for the additional

costs. Plaintiff and RDAA could not settle the matter and plaintiff demanded arbitration. During the arbitration, RDAA brought a third-party claim against WPCE for indemnification. After several days of proceedings, plaintiff and RDAA settled. As part of the settlement, plaintiff was assigned all of RDAA's claims against other participating parties, including defendant.

Plaintiff, for itself and as the assignee of RDAA's claims, filed a complaint against defendant asserting affirmative claims of negligence, breach of contract, and indemnification. On 12 September 2003, defendant responded and moved to dismiss, to stay proceedings and to compel arbitration. Following oral argument and review of submissions, the trial court denied defendant's motions on 19 February 2004. Defendant appeals.

## II. Issue

The issue on appeal is whether the arbitration clause included in the contracts between plaintiff and RDAA and defendant and WPCE is binding between plaintiff and defendant.

## III. Issues Preserved for Appeal

[1] Plaintiff asserts that several issues defendant argues before this Court were not raised at the trial stage. We agree.

" 'This Court has long held that issues and theories of a case not raised below will not be considered on appeal, and th[ese] issue[s are] not properly before this Court.' " *Morris v. E.A. Morris Charitable Found.*, 161 N.C. App. 673, 680, 589 S.E.2d 414, 418-19 (2003) (quoting *Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjust.*, 354 N.C. 298, 309, 554 S.E.2d 634, 641 (2001)), *disc. rev. denied*, 358 N.C. 235, 593 S.E.2d 592 (2004).

Defendant's brief includes arguments derived from the Federal Arbitration Act, third-party beneficiary contracts, and plaintiff's alleged waiver of the arbitration clause. The record fails to disclose defendant previously asserted these "theories" of its case at the trial level. We limit our review to those arguments asserted in the pleadings before the trial court and properly preserved for review. *See Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934) ("the law does not permit parties to swap horses between courts in order to get a better mount" on appeal.)

**ELLIS-DON CONSTR., INC. v. HNTB CORP.**

[169 N.C. App. 630 (2005)]

## IV. Motion to Dismiss

**[2]** In accordance with Rule 10(c) of the North Carolina Rules of Appellate Procedure, defendant included in the record on appeal its assignment of error that the trial court erred in denying its motion to dismiss. N.C.R. App. P. 10(c) (2004). Defendant's brief and arguments fail to argue or set out authorities to support this assignment of error.

Under Rule 28(b)(6), "[a]ssignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." N.C.R. App. P. 28(b)(6) (2004). Defendant's assignment of error asserting the trial court erred in denying its motion to dismiss is abandoned. *See Smith v. Noble*, 155 N.C. App. 649, 650-51, 573 S.E.2d 719, 720 (2002) ("Assignments of error not addressed in the brief are deemed abandoned under Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure.").

## V. Review of Denial of Arbitration

**[3]** This Court has repeatedly held that "an order denying arbitration, although interlocutory, is immediately appealable because it involves a substantial right which might be lost if appeal is delayed." *Prime South Homes, Inc. v. Byrd*, 102 N.C. App. 255, 258, 401 S.E.2d 822, 825 (1991) (citations omitted). Defendant properly set forth the statutory framework under N.C. Gen. Stat. § 1-567.18 (2001) permitting review of the trial court's denial of defendant's motion to stay and compel arbitration. *See* 2003 N.C. Sess. ch. 345, § 1 (N.C. Gen. Stat. §§ 1-567.1 through 1-567.20: Repealed effective January 1, 2004, and applicable to agreements to arbitrate made on or after that date).

In *Slaughter v. Swicegood*, 162 N.C. App. 457, 461, 591 S.E.2d 577, 580 (2004), we held

> [t]he question of whether a dispute is subject to arbitration is an issue for judicial determination. This determination involves a two-step analysis requiring the trial court to ascertain both (1) whether the parties had a valid agreement to arbitrate, and also (2) whether the specific dispute falls within the substantive scope of that agreement.

(internal citations and quotations omitted).

In considering the first step, "[t]he trial court's findings regarding the existence of an arbitration agreement are conclusive on appeal

where supported by competent evidence, even where the evidence might have supported findings to the contrary." *Sciolino v. TD Waterhouse Investor Servs., Inc.*, 149 N.C. App. 642, 645, 562 S.E.2d 64, 66 (citation omitted), *disc. rev. denied*, 356 N.C. 167, 568 S.E.2d 611 (2002). We review *de novo* whether the specific dispute is governed by the arbitration agreement. *Tohato, Inc. v. Pinewild Mgmt., Inc.*, 128 N.C. App. 386, 496 S.E.2d 800 (1998).

Under former N.C. Gen. Stat. § 1-567.3(a) (2001), the trial court "shall proceed summarily" to determine whether an agreement to arbitrate exists between the parties. *See Routh v. Snap-On Tools Corp.*, 101 N.C. App. 703, 706, 400 S.E.2d 755, 757 (1991); *see also* 2003 N.C. Sess. ch. 345, § 1 (N.C. Gen. Stat. §§ 1-567.1 through 1-567.20: Repealed effective January 1, 2004, and applicable to agreements to arbitrate made on or after that date). The trial court must make this determination or risk committing reversible error. *Burke v. Wilkins*, 131 N.C. App. 687, 689, 507 S.E.2d 913, 914 (1998) (citations omitted).

### A.  Analysis

Here, the trial court's order denying defendant's motion to dismiss and motion to stay and compel arbitration stated *in toto*:

> This Matter came before the Court on Defendant's Motion to Dismiss and on Defendant's Motion to Stay and Compel Arbitration. After reviewing all matters submitted and hearing arguments of counsel, the Court is of the opinion that both motions should be denied. It is therefore, ordered, adjudged and decreed that Defendant's Motion to Dismiss is denied and that Defendant's Motion to Stay and Compel Arbitration is Denied.

The order appealed from does not state the grounds for the trial court's denial of defendant's motion to stay and compel arbitration. No findings of fact allow us to review and determine whether competent evidence supports the trial court's denial of defendant's motion to stay and compel arbitration. *Slaughter*, 162 N.C. App. at 461, 591 S.E.2d at 580.

In *Barnhouse v. Am. Express Fin. Advisors, Inc.*, 151 N.C. App. 507, 509, 566 S.E.2d 130, 132 (2002), this Court reviewed the same issue and held

> there is no indication that the trial court made any determination regarding the existence of an arbitration agreement between the

parties before denying defendants' motion to stay proceedings. The order denying defendants' motion to stay proceedings does not state upon what basis the court made its decision, and as such, this Court cannot properly review whether or not the court correctly denied defendants' motion.

Here, the trial court's order does not indicate whether it determined if the parties were bound by an arbitration agreement. While denial of defendant's motion might have resulted from: (1) a lack of privity between the parties; (2) a lack of a binding arbitration agreement; (3) this specific dispute does not fall within the scope of any arbitration agreement; or, (4) any other reason, we are unable to determine the basis for the trial court's judgment.

Without findings of fact, the appellate court cannot conduct a meaningful review of the conclusions of law and "test the correctness of [the lower court's] judgment." *Appalachian Poster Adver. Co., Inc. v. Harrington*, 89 N.C. App. 476, 480, 366 S.E.2d 705, 707 (1988). The order appealed from contained neither factual findings that allow us to review the trial court's ruling, nor a determination whether an arbitration agreement exists between the parties.

## VI. Conclusion

Defendant's assignment of error concerning whether the trial court erred in denying its motion to dismiss is abandoned. The trial court's denial of defendant's motion to stay and compel arbitration is reversed and the matter is remanded for further factual findings and conclusions of law in accordance with this opinion.

Reversed and remanded.

Judges McGEE and GEER concur.