**PINEVILLE FOREST HOMEOWNERS ASS'N v. PORTRAIT HOMES CONSTR. CO.**

[175 N.C. App. 380 (2006)]

PINEVILLE FOREST HOMEOWNERS ASSOCIATION, PLAINTIFF v. PORTRAIT HOMES
CONSTRUCTION CO., DEFENDANT

No. COA05-365

(Filed 3 January 2006)

**1. Appeal and Error— appealability—standing—denial of motion to dismiss**

An order denying defendant developer's motion to dismiss plaintiff homeowners association's claims for negligence and breach of warranties was interlocutory and not immediately appealable.

**2. Appeal and Error— appealability—issue not addressed below**

Defendant's argument that a third-party warranty barred plaintiff's suit was dismissed as interlocutory where the denial of defendant's motion to dismiss addressed neither the justiciability of the warranty issue between the parties nor the merits of their claims.

**3. Appeal and Error— order denying arbitration—sufficiency of findings for review**

An order in which the trial court denied a stay and refused to require arbitration was remanded where the order did not meet the requirements for appellate review. The new order must contain findings which sustain its determination of the validity and applicability of the arbitration provisions.

Appeal by defendant from order entered 20 December 2004 by Judge W. Robert Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 15 November 2005.

*Sellers, Hinshaw, Ayers, Dortch & Lyons, P.A., by Timothy G. Sellers and Michelle Price Massingale, for plaintiff-appellee.*

*DeVore, Acton & Stafford, P.A., by Fred W. DeVore, III, for defendant-appellant.*

JOHN, Judge.

Portrait Homes Construction Co. ("defendant") appeals the trial court's 20 December 2004 order ("the Order") denying its Motion to Dismiss and Motion to Stay and Compel Arbitration. For the reasons

PINEVILLE FOREST HOMEOWNERS ASS'N v. PORTRAIT HOMES CONSTR. CO.

[175 N.C. App. 380 (2006)]

discussed herein, we dismiss defendant's appeal in part and reverse and remand in part.

Pertinent procedural and factual background information includes the following: Defendant is an Illinois-organized corporation authorized to do business in North Carolina. On 15 May 2000, defendant filed a Declaration of Covenants, Conditions, and Restrictions ("the Declaration") with the Mecklenburg County Public Registry, expressing therein its intent to build "an exclusive residential community of single-family attached residential units" named "Pineville Forest." The Declaration stated defendant "ha[d] incorporated or w[ould] incorporate" the Pineville Forest Homeowners Association ("plaintiff"), a nonprofit corporation established for the purpose of "owning, maintaining and administering the Common Area, maintaining the exterior of the residential units and the [adjacent property owned by the Town of Pineville, North Carolina], administering and enforcing the covenants and restrictions and collecting and disbursing the assessments and charges [thereafter] created[.]" Defendant subsequently developed Pineville Forest by constructing approximately one hundred thirty-three residential units in twenty-four separate buildings.

Plaintiff filed the instant complaint on 9 September 2004, alleging defendant's "improvements" to the residential units and common area were defective and deficient in both workmanship and material. Plaintiff further claimed these defects and deficiencies resulted, *inter alia*, in "moisture intrusion, sheathing and framing deterioration[,] mold and mildew growth and pest infestation." According to the complaint, defendant had thus "breached its obligations and duties under the implied warranties of habitability, quality and fitness[,]" including the assurance that the improvements "would be free from defective materials, constructed in a workmanlike manner, constructed according to sound engineering construction standards and suitable for residential use." Finally, plaintiff asserted defendant was "negligent and failed to fulfill the duties and responsibilities owed" plaintiff and the individual owners, including the duty to "construct the Community and Improvements located thereon in a reasonably careful and prudent fashion, in accordance with accepted construction standards and in accordance with properly prepared plans and specifications."

Defendant responded with a 27 September 2004 "Motion to Dismiss Pursuant to Rule 12(b)(6)," asserting plaintiff was without standing to bring suit and that plaintiff's sole remedy was binding arbitration. Additionally, on 13 October 2004, defendant filed a

PINEVILLE FOREST HOMEOWNERS ASS'N v. PORTRAIT HOMES CONSTR. CO.

[175 N.C. App. 380 (2006)]

"Motion to Dismiss or Stay Pending Binding Arbitration," asserting the Declaration as well as a third-party warranty signed by individual homeowners required arbitration of disputes between the parties, and seeking dismissal of the complaint and an order compelling arbitration. On 3 November 2004, plaintiff sought amendment of its complaint to add as John Doe defendants those subcontractors who supplied labor, materials, and services in connection with the construction, installation, and provision of improvements to the community. Following a hearing, the trial court granted plaintiff's motion to amend, but ruled separately in the Order that "[d]efendant's Motion to Dismiss and Motion to Stay and Compel Arbitration" were denied. Defendant appeals.

---

We first consider ·plaintiff's challenge to those portions of defendant's appeal which implicate the issues of plaintiff's standing and the effect of the third-party warranty. Plaintiff contends defendant's arguments addressing these matters are interlocutory and not properly before this Court. As detailed below, we conclude plaintiff is correct.

[1] With respect to the standing issue, we take note parenthetically at the outset of defendant's stipulations in the settled record on appeal that "[a]ll parties were properly before the trial court" and "[t]he trial court had subject matter and personal jurisdiction over the parties." In light of these stipulations, defendant's arguments asserting plaintiff lacked standing to bring suit appear curious at best. *See Creek Pointe Homeowner's Ass'n v. Happ*, 146 N.C. App. 159, 164, 552 S.E.2d 220, 225 (2001) ("Standing is a necessary prerequisite to the court's proper exercise of subject matter jurisdiction.") (citations omitted), *disc. review denied*, 356 N.C. 161, 568 S.E.2d 191 (2002).

In addition, it is also unclear from the record whether the Order was directed at *both* motions filed by defendant. For example, the Order recites denial of defendant's "Motion to Dismiss and Motion to Stay and Compel Arbitration," thereby only slightly paraphrasing the title of defendant's second motion, which did not expressly raise the issue of standing. Next, defendant reinforces such an interpretation by the terminology of its sole assignment of error, reading "[t]he trial judge committed reversible error by denying Defendant's Motion [*sic*] Dismiss or Stay and Compel Arbitration," again in the main incorporating the title of defendant's second motion. Finally, plaintiff, without· specification, interjects that "at least one of [defendant's] arguments [on appeal] was not even considered by the trial court."

PINEVILLE FOREST HOMEOWNERS ASS'N v. PORTRAIT HOMES CONSTR. CO.

[175 N.C. App. 380 (2006)]

Nonetheless, as "[p]arties cannot stipulate to give a court subject matter jurisdiction when such jurisdiction does not exist[,]" *Alford v. Shaw*, 327 N.C. 526, 533 n.1, 398 S.E.2d 445, 448 n.1 (1990) (citation omitted), and the issue of standing may be raised on direct appeal, *Aubin v. Susi*, 149 N.C. App. 320, 324, 560 S.E.2d 875, 878-79, *disc. review denied*, 356 N.C. 610, 574 S.E.2d 474 (2002), we address whether defendant's appeal of the trial court's ruling on this issue is interlocutory.

"A motion to dismiss a party's claim for lack of standing is tantamount to a motion to dismiss for failure to state a claim upon which relief can be granted according to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure." *Slaughter v. Swicegood*, 162 N.C. App. 457, 464, 591 S.E.2d 577, 582 (2004) (citation omitted); *see also Energy Investors Fund, L.P. v. Metric Constructors, Inc.*, 351 N.C. 331, 525 S.E.2d 441 (2000). As our Supreme Court has stated,

> [o]rdinarily, a denial of a motion to dismiss under Rule 12(b)(6) merely serves to continue the action then pending. No final judgment is involved, and the disappointed movant is generally not deprived of any substantial right which cannot be protected by timely appeal from the trial court's ultimate disposition of the entire controversy on its merits. Thus, an adverse ruling on a Rule 12(b)(6) motion is in most cases an interlocutory order from which no direct appeal may be taken.

*State v. School*, 299 N.C. 351, 355, 261 S.E.2d 908, 911 (1980) (citations omitted); *see also Anderson v. Atlantic Casualty Ins. Co.*, 134 N.C. App. 724, 725, 518 S.E.2d 786, 787-88 (1999) (interlocutory order not immediately appealable unless appellant deprived of a substantial right or appeal properly certified pursuant to N.C. Gen. Stat. § 1A-1, Rule 54)). Moreover, upon appeal of an interlocutory order, it is not the responsibility of this Court to "construct arguments for or find support for [the] appellant's right to appeal . . . ." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). Rather, it is the burden of the appellant to "present appropriate grounds for th[e] acceptance of [its] interlocutory appeal . . . ." *Id.* at 379, 444 S.E.2d at 253.

In the case *sub judice*, the trial court did not certify the Order as immediately appealable pursuant to N.C.G.S. § 1A-1, Rule 54. Although conceding in its appellate brief that appeal of the Order is interlocutory, defendant maintains the trial court's ruling "affects a substantial right of the defendant that may be lost if appeal is

PINEVILLE FOREST HOMEOWNERS ASS'N v. PORTRAIT HOMES CONSTR. CO.

[175 N.C. App. 380 (2006)]

delayed." However, defendant continues merely by averring that "in similar cases such as *Creek Pointe*, this Court has permitted the issue [of standing] to be considered before the final disposition of the case." Defendant misses the mark.

While conceding standing of a homeowners' association to bring suit was an issue considered in *Creek Pointe*, we note the panel therein properly applied the rule that "determination of whether a substantial right is affected is made on a case by case basis." 146 N.C. App. at 162, 552 S.E.2d at 223. Unlike the circumstance herein, the claims of the homeowners' association in *Creek Pointe* were actually *dismissed* by the trial court pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), a context directly opposite to that considered in *School*, *supra*. Further, although interlocutory because other parties remained in the case, the *Creek Pointe* appeal was allowed to proceed under the substantial right exception because this Court concluded there existed a possibility of multiple trials against different members of the same group, thus raising the possibility of inconsistent verdicts. 146 N.C. App. at 162-63, 552 S.E.2d at 223-24 (citing *Jenkins v. Wheeler*, 69 N.C. App. 140, 316 S.E.2d 354, *disc. review denied*, 311 N.C. 758, 321 S.E.2d 136 (1984); *Bernick v. Jurden*, 306 N.C. 435, 293 S.E.2d 405 (1982)).

In the case *sub judice*, however, all parties remain, and defendant does not appear to be deprived by the Order "of any substantial right which cannot be protected by timely appeal from the trial court's ultimate disposition of the entire controversy on its merits." *School*, 299 N.C. at 355, 261 S.E.2d at 911; *see also Miller v. Swann Plantation Development Co.*, 101 N.C. App. 394, 395, 399 S.E.2d 137, 139 (1991) (the " 'right itself must be substantial and the deprivation of that substantial right must potentially work injury to [the appellant] if not corrected before appeal from final judgment' ") (citation omitted). In short, we dismiss as interlocutory defendant's attempt to raise the contention that plaintiff lacks standing to bring suit.

We also decline to invoke our discretionary power under N.C.R. App. P. 2 (2005) to address this issue, bearing in mind that "this power is to be invoked . . . only on 'rare occasions' for such purposes as to prevent manifest injustice or to expedite a decision affecting the public interest." *Reep v. Beck*, 360 N.C. 34, 38, 619 S.E.2d 497, 500 (2005) (citations omitted). Neither circumstance is present in the instant case.

[2] Similarly, we reject as premature defendant's additional reliance upon plaintiff's alleged acceptance of a third-party warranty as a bar

PINEVILLE FOREST HOMEOWNERS ASS'N v. PORTRAIT HOMES CONSTR. CO.

[175 N.C. App. 380 (2006)]

to suit. With respect to this contention, defendant acknowledges "[a] motion to dismiss is ordinarily interlocutory[.]" Notwithstanding, citing *Consumers Power v. Power Co.*, 285 N.C. 434, 206 S.E.2d 178 (1974), defendant insists "the [warranty] issue is so intertwined with the motion to arbitrate," this Court should exercise its "supervisory jurisdiction" to hear defendant's appeal on this issue. As with the issue of standing, we elect not to do so.

In *Consumers Power*, the trial court denied respondent's motion to dismiss petitioner's declaratory judgment action on grounds of lack of justiciability. Following a dissent regarding respondent's appeal to this Court, our Supreme Court declined to dismiss the appeal as interlocutory. Instead, the Court considered the case in view of 1) its "belie[f] that decision of the principal question presented would expedite the administration of justice," and 2) this Court's prior decision addressing the issue of justiciability, which represented a "deci[sion] . . . upon its merits." *Id.* at 439, 206 S.E.2d at 182.

Again, neither situation described by the Supreme Court is present herein. The Order addressed neither the justiciability of the warranty issue between the parties nor the merits of their respective claims thereon. *See id.* Moreover, although we review the Order to the extent it involves a decision concerning the applicability of arbitration, *see infra*, we remain unpersuaded that immediate examination of defendant's warranty claims on the merits would "expedite the administration of justice." *See Consumers Power*, 285 N.C. at 439, 206 S.E.2d at 182; *see also Reep*, 360 N.C. at 38, 619 S.E.2d at 500. Accordingly, we dismiss as interlocutory defendant's argument that a third-party warranty bars plaintiff's suit.

[3] We now turn to the issue of arbitration. Defendant maintains certain provisions in the Declaration require the parties to submit to binding arbitration. Therefore, concludes defendant, the Order was erroneous in refusing to stay the proceedings and require arbitration. We are compelled, however, to reverse and remand the Order because it fails to meet the requirements for appellate review.

It is well established that because "[t]he right to arbitrate a claim is a substantial right which may be lost if review is delayed, . . . an order denying arbitration is . . . immediately appealable." *Howard v. Oakwood Homes Corp.*, 134 N.C. App. 116, 118, 516 S.E.2d 879, 881, *disc. review denied*, 350 N.C. 832, 539 S.E.2d 288 (1999), *cert. denied*, 528 U.S. 1155, 145 L. Ed. 2d 1072 (2000). The question of whether a

PINEVILLE FOREST HOMEOWNERS ASS'N v. PORTRAIT HOMES CONSTR. CO.

[175 N.C. App. 380 (2006)]

dispute is subject to arbitration is a question of law for the trial court, and its conclusion is reviewable *de novo. Raspet v. Buck*, 147 N.C. App. 133, 136, 554 S.E.2d 676, 678 (2001). The determination involves a two-pronged analysis in which the court "must ascertain both (1) whether the parties had a valid agreement to arbitrate, and also (2) whether 'the specific dispute between the parties falls within the substantive scope of that agreement.' " *Id.* (citation omitted).

This Court has recently reversed and remanded an order denying arbitration which expressly failed to "indicate whether [the trial court] determined if the parties were bound by [the] arbitration agreement." *Ellis-Don Constr., Inc. v. HNTB Corp.*, 169 N.C. App. 630, 635, 610 S.E.2d 293, 296 (2005). The trial court's order therein stated *in toto*:

> This Matter came before the Court on Defendant's Motion to Dismiss and on Defendant's Motion to Stay and Compel Arbitration. After reviewing all matters submitted and hearing arguments of counsel, the Court is of the opinion that both motions should be denied. It is therefore, ordered, adjudged and decreed that Defendant's Motion to Dismiss is denied and that Defendant's Motion to Stay and Compel Arbitration is Denied.

*Id.* at 634, 610 S.E.2d at 296.

In directing reversal and remand, this Court observed the order "contained neither factual findings that allow us to review the trial court's ruling, nor a determination whether an arbitration agreement exists between the parties." *Id.* at 635, 610 S.E.2d at 297. Accordingly, we were "unable to determine the basis of the trial court's judgement." *Id.* at 635, 610 S.E.2d at 296; *see also Barnhouse v. American Express Fin. Advisors, Inc.*, 151 N.C. App. 507, 509, 566 S.E.2d 130, 132 (2002) ("The order denying defendants' motion to stay proceedings does not state upon what basis the court made its decision, and as such, this Court cannot properly review whether or not the court correctly denied defendants' motion. Although it is possible to infer from the order denying defendants' motion that the trial court found that no arbitration agreement existed, other possibilities are equally likely.") (citation omitted).

The Order herein provides as follows:

> The Court having considered the Defendants' Motions, briefs, and arguments of counsel for the Plaintiff . . . and for the Defendant, . . .; and it appearing to the Court that Defendants' Motions should be Denied;

**IN RE L.W.**

[175 N.C. App. 387 (2006)]

It is THEREFORE, ORDERED, ADJUDGED and DECREED that Defendant's Motion to Dismiss and Motion to Stay and Compel Arbitration are DENIED.

We are unable to distinguish the foregoing from the order deemed insufficient in *Ellis-Don*. Therefore, because that decision as well as *Barnhouse* are binding upon us, *see In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."), we reverse and remand the Order.

On remand, the trial court may hear evidence and further argument to the extent it determines in its discretion that either or both may be necessary and appropriate. Thereafter, the court is to enter a new order containing findings which sustain its determination regarding the validity and applicability of the arbitration provisions. *See Barnhouse*, 151 N.C. at 509 n.1, 566 S.E.2d at 132 n.1 ("[O]ur holding does not require the trial court to make detailed and specific findings of fact regarding the agreement to arbitrate. Rather, the trial court's order must simply reflect whether or not a valid agreement to arbitrate exists between the parties."); *see also Ellis-Don*, 169 N.C. App. at 635, 610 S.E.2d at 297 ("The trial court's denial of defendant's motion to stay and compel arbitration is reversed and the matter is remanded for further factual findings and conclusions of law in accordance with this opinion.").

Dismissed in part; Reversed and Remanded in part.

Judges WYNN and STEELMAN concur.