DAVID B. STEFFES, PLAINTIFF v. RONNIE LEE DeLAPP AND RLD INVESTMENTS, LLC, DEFENDANTS

No. COA05-864

(Filed 6 June 2006)

**1. Appeal and Error— appealability—interlocutory order— denial of motion for arbitration—substantial right**

Although defendants' appeal from the denial of a motion to stay and compel arbitration is an appeal from an interlocutory order, it is immediately appealable because the denial of a demand for arbitration affects a substantial right which might be lost if appeal is delayed.

**2. Arbitration and Mediation— motion to stay and compel arbitration—failure to state grounds**

The trial court erred by denying defendants' motion to stay and compel arbitration, and the matter is reversed and remanded for further factual findings and conclusions of law, because: (1) the order failed to state the grounds for the trial court's denial of the motion to stay and compel arbitration; and (2) as the reason for the denial cannot be determined, the Court of Appeals cannot conduct a meaningful review of the trial court's conclusions of law.

Appeal by defendants from an order entered 14 February 2005 by Judge J. Gentry Caudill in Mecklenburg County Superior Court. Heard in the Court of Appeals 15 March 2006.

*Hanzel & Newkirk, by Robert B. Newkirk, III, for plaintiff-appellee.*

*Andresen & Associates, by Kenneth P. Andresen, for defendant-appellants.*

HUNTER, Judge.

Ronnie Lee DeLapp ("DeLapp") and RLD Investments, LLC ("RLD") (collectively "defendants") appeal from an order entered 14 February 2005 denying defendants' motion to compel arbitration. For the reasons stated herein, we reverse and remand the order for further findings.

RLD and David B. Steffes ("plaintiff") were co-owners of a corporation known as Elkanah Productions, Inc. ("Elkanah"). Elkanah executed a promissory note in favor of plaintiff on 26 October 2000 in the

amount of $150,000.00. Elkanah began operating a nightclub in March 2001 known as the Varga Lounge at 305 West 4th Street in Charlotte, North Carolina. A judgment against Elkanah was awarded to plaintiff, and the amount of the award was added to the promissory note between Elkanah and plaintiff on 31 December 2002, increasing the value to $550,592.12. On 10 January 2003, RLD purchased a third of Elkanah's shares. RLD later purchased further shares and gained a two-thirds controlling interest in Elkanah.

On 6 November 2003, RLD called for a special meeting of Elkanah's shareholders to be held on 18 November 2003. Plaintiff did not attend the shareholders' meeting. Immediately following the shareholders' meeting, the Board of Directors met and voted to dissolve Elkanah, although proper notice of the meeting to dissolve was not given.

Elkanah's dissolution terminated its lease of the property at 305 West 4th Street. The terms of the lease specified that fixtures added by Elkanah which could not be removed without damage to the property were to remain on the property. RLD transported the removable fixtures to a storage facility, notifying plaintiff as to the location of the facility and providing access.

Plaintiff brought an action against RLD and DeLapp, alleging that defendants purposefully dissolved Elkanah and used the assets to operate a substantially similar club under another corporate name. Plaintiff also alleged that defendants did not properly wind up Elkanah's affairs and avoided paying the promissory note owed to plaintiff. Finally, plaintiff alleged that defendants improperly maintained personal properties that were not fixtures.

Plaintiff moved for summary judgment. On 22 December 2004, defendants moved to stay the proceedings, compel arbitration, and in the alternative to dismiss. The motions were denied by an order entered 14 February 2005. Defendants appeal from this order.

In their sole assignment of error, defendants contend the trial court erred in denying the motion to stay and compel arbitration. We are unable to review this assignment of error.

[1] We first note that defendants appeal from an interlocutory order. Although such orders "are not usually appealable . . . this Court has held that the denial of a demand for arbitration is an order that affects 'a substantial right which might be lost if appeal is delayed[.]' " *Raspet v. Buck*, 147 N.C. App. 133, 135, 554 S.E.2d 676, 677 (2001) (citation omitted).

**[2]** "The question of whether a dispute is subject to arbitration is a question of law for the trial court, and its conclusion is reviewable *de novo.*" *Pineville Forest Homeowners v. Portrait,* 175 N.C. App. 380, 385-86, 623 S.E.2d 620, 624 (2006). "The determination involves a two-pronged analysis in which the court 'must ascertain both (1) whether the parties had a valid agreement to arbitrate, and also (2) whether "the specific dispute between the parties falls within the substantive scope of that agreement." ' " *Id.* at 386, 623 S.E.2d at 624-25 (citation omitted).

"In considering the first step, '[t]he trial court's findings regarding the existence of an arbitration agreement are conclusive on appeal where supported by competent evidence, even where the evidence might have supported findings to the contrary.' " *Ellis-Don Constr., Inc. v. HNTB Corp.,* 169 N.C. App. 630, 633-34, 610 S.E.2d 293, 296 (2005) (citations omitted). However, the trial court must state the basis for its decision in denying a defendant's motion to stay proceedings in order for this Court to properly review whether or not the trial court correctly denied the defendant's motion. *Barnhouse v. American Express Fin. Advisors, Inc.,* 151 N.C. App. 507, 509, 566 S.E.2d 130, 132 (2002). In *Barnhouse,* where the trial court made no findings regarding the existence of an arbitration agreement between the parties, this Court held that "[b]ecause the trial court failed to determine whether or not an agreement to arbitrate existed between the parties, the trial court erred in denying defendants' motion to stay proceedings." *Id.* (footnote omitted).

Similarly, in *Ellis-Don,* the order appealed to this Court stated:

"This Matter came before the Court on Defendant's Motion to Dismiss and on Defendant's Motion to Stay and Compel Arbitration. After reviewing all matters submitted and hearing arguments of counsel, the Court is of the opinion that both motions should be denied. It is therefore, ordered, adjudged and decreed that Defendant's Motion to Dismiss is denied and that Defendant's Motion to Stay and Compel Arbitration is Denied."

*Id.* at 634, 610 S.E.2d at 296. Relying on *Barnhouse* and *Appalachian Poster Advertising Co. v. Harrington,* 89 N.C. App. 476, 366 S.E.2d 705 (1988), *Ellis-Don* held that as the order did not "state the grounds for the trial court's denial of defendant's motion to stay and compel arbi-tration[,]" and contained no findings of fact, "the appellate court cannot conduct a meaningful review of the conclusions of law and 'test the cor-rectness of [the lower court's] judgment.' " *Ellis-Don,* 169 N.C. App. at 634-35, 610 S.E.2d at 296-97 (quoting *Appalachian Poster,* 89 N.C. App.

at 480, 366 S.E.2d at 707). *Ellis-Don* reversed the denial of the defend-ant's motion to stay and compel arbitration and remanded the matter for further factual findings and conclusions of law. *Id.* at 635, 610 S.E.2d at 297. Recently, in *Pineville Forest*, this Court again reversed and remanded an order denying a motion to compel arbitration based on the trial court's failure to make findings. See *Pineville Forest*, 175 N.C. App. at 386, 623 S.E.2d at 625 (stating that as the order in *Pineville Forest* was indistinguishable from that in *Ellis-Don*, the previous holdings in *Ellis-Don* and *Barnhouse* required reversal and remand of the order).

Here, the trial court's order stated:

THIS MATTER COMING on to be heard and being heard before the undersigned . . . upon Defendants' Motion to Stay Proceeding, Compel Arbitration and in the Alterative to Dismiss and upon Plaintiff's Motion for Summary Judgment . . . .

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1. That the Defendants' Motion to Stay Proceeding, and in the Alternative to Dismiss is DENIED.

As in *Ellis-Don* and *Pineville Forest*, the order fails to state the grounds for the trial court's denial of the motion to stay and compel arbitration. The trial court's denial may have resulted from a number of reasons, including: "(1) a lack of privity between the parties; (2) a lack of a binding arbitration agreement; (3) [that] this specific dispute does not fall within the scope of any arbitration agreement; or, (4) any other reason[.]" *Ellis-Don*, 169 N.C. App. at 635, 610 S.E.2d at 296.

As we cannot determine the reason for the denial, we cannot con-duct a meaningful review of the trial court's conclusions of law and must reverse and remand the order for further findings. "On remand, the trial court may hear evidence and further argument to the extent it determines in its discretion that either or both may be necessary and appropriate." *Pineville Forest*, 175 N.C. App. at 387, 623 S.E.2d at 625. "Thereafter, the court is to enter a new order containing findings which sustain its determination regarding the validity and applicability of the arbitration provisions." *Id.*

For the foregoing reasons, the trial court's denial of defendants' motion to stay and compel arbitration is reversed and the matter remanded for further factual findings and conclusions of law in accord-ance with this opinion.

Reversed and remanded.

Judges HUDSON and BRYANT concur.