UNITED STATES TRUST COMPANY, N.A., Plaintiff v. STANFORD GROUP COMPANY, JOHN R. RICH, D. KENNETH DIMOCK, GLENDA R. BURKETT, ANTHONY P. MONFORTON, MARTHA JO BROOKS, WILLIAM W. WATSON,VIRGINIA B. SASLOW, SANDRA G. BOES, SUZANNE C. WILCOX, KIM M. VAN ZEE, AND KIMBERLY LEMONS, DEFENDANTS

No. COA08-179

(Filed 18 August 2009)

**1. Appeal and Error— denial of motion to compel arbitration—interlocutory—substantial right affected**

The trial court's denial of a motion to compel arbitration is an interlocutory order but is immediately appealable because a substantial right would otherwise be lost.

**2. Arbitration and Mediation— denial of motion to compel—remanded—findings insufficient**

An order denying a motion to dismiss or to compel arbitration was remanded where the trial court did not specifically decide whether the parties had a valid agreement to arbitrate, did not set out the rationale underlying the denial, and there were several possible bases for the trial court's decision. Furthermore, the trial court should also determine on remand whether the Federal Arbitration Act or North Carolina law is applicable.

Appeal by defendants from order entered 20 September 2007 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 23 September 2008.

*McGuireWoods LLP, by Irving M. Brenner, John G. McDonald, and Makila Sands Scruggs, for plaintiff-appellee.*

*James, McElroy & Diehl, P.A., by John R. Buric and Preston O. Odom, III, for defendants-appellants.*

PER CURIAM.

Defendants John R. Rich, D. Kenneth Dimock, Glenda R. Burkett, Anthony P. Monforton, Martha Jo Brooks, William W. Watson, Virginia B. Saslow, Sandra G. Boes, Suzanne C. Wilcox, Kim M. Van Zee, and Kimberly Lemons ("defendants") appeal from the trial court's order denying their motion to dismiss or, in the alternative, to compel arbitration. On appeal, defendants primarily contend that the trial court failed to make adequate findings of fact as to whether a valid arbitration agreement existed between the parties. Because this Court has repeatedly held that such findings are required, and we are bound under *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989), to follow that authority, we reverse and remand for further findings of fact.

### Facts

Plaintiff United States Trust Company, N.A. ("U.S. Trust") is a financial services company that offers a variety of wealth management services to both individual and institutional clients. U.S. Trust is the parent company of UST Securities Corp., a securities broker/dealer.

In 2006, while employed by U.S. Trust, Rich, Dimock, Burkett, Monforton, Brooks, Watson, Saslow, and Wilcox applied for and obtained licenses with the National Association of Securities Dealers, Inc., now called the Financial Industry Regulatory Authority ("NASD/FINRA"). Defendants contend that U.S. Trust required these employees to do so as a condition of their employment.

In order to apply for licensure, the employees were required to complete a Form U-4 and file it with the NASD/FINRA. The Form U-4 contains an arbitration clause that states in part: "I agree to arbitrate any dispute, claim or controversy that may arise between me and *my firm*, or a customer, or any other person, that is required to be arbitrated under the rules[.]" (Emphasis added.) The Form U-4 requires that the applicant identify his or her firm's name. In each case, the employees entered "UST Securities" in the area of the form requesting the firm name.

In July 2007, the individual defendants, all employed in U.S. Trust's Greensboro office, voluntarily terminated their employment with U.S. Trust and formed a new office for Stanford Group Company, a competitor of U.S. Trust. On 19 July 2007, U.S. Trust filed suit against the Stanford Group and the departing employees, alleging

claims for breach of contract, breach of the duty of loyalty, conversion, tortious interference with contractual relations, unfair trade practices, civil conspiracy, and misappropriation of trade secrets and confidential information. The complaint included a request for a temporary restraining order and a motion for a preliminary injunction.[1] In an order entered 3 August 2007, the trial court denied U.S. Trust's motion for a temporary restraining order enforcing certain non-competition agreements.

On 30 August 2007, defendants filed a motion to dismiss or, in the alternative, to compel arbitration. According to defendants, they were dual employees of both U.S. Trust and UST Securities. Defendants contended that U.S. Trust was a third-party beneficiary of the Form U-4 arbitration agreement and, consequently, U.S. Trust was required to arbitrate any claims asserted against defendants. U.S. Trust, on the other hand, contended the arbitration agreement did not apply because U.S. Trust "was, at most, an incidental beneficiary of the agreement between [defendants] and UST Securities." On 20 September 2007, the trial court entered an order denying defendants' motion. Defendants appealed to this Court.

The order denying the motion to dismiss or to compel arbitration was not stayed. On 4 January 2008, U.S. Trust filed a motion for a preliminary injunction enforcing employment agreements allegedly entered into by defendants Rich, Burkett, Dimock, Monforton, Brooks, Watson, Wilcox, and Saslow. U.S. Trust did not seek relief as to defendants Boes, Van Zee, and Lemons and ultimately withdrew its request for relief as to defendant Wilcox. On 28 January 2008, the trial court entered an order denying U.S. Trust's preliminary injunction motion as to defendants Dimock and Rich, but granting it in part as to Burkett, Monforton, Brooks, Watson, and Saslow. U.S. Trust and the five defendants subject to the injunction filed a separate appeal from that order, COA08-472, which is the subject of a separate opinion.

## Discussion

[1] As an initial matter, we note that an appeal from the trial court's denial of a motion to compel arbitration is an interlocutory order. *See Boynton v. ESC Med. Sys., Inc.*, 152 N.C. App. 103, 106, 566 S.E.2d 730, 732 (2002). Our appellate courts have, however, repeatedly held that " '[t]he right to arbitrate a claim is a substantial right

---

1. Although Stanford Group Company was originally named as a defendant, plaintiff voluntarily dismissed the company as a party on 21 November 2007.

which may be lost if review is delayed, and an order denying arbitration is therefore immediately appealable.' " *Id.* (quoting *Howard v. Oakwood Homes Corp.*, 134 N.C. App. 116, 118, 516 S.E.2d 879, 881, *disc. review denied*, 350 N.C. 832, 539 S.E.2d 288 (1999), *cert. denied*, 528 U.S. 1155, 145 L. Ed. 2d 1072, 120 S. Ct. 1161 (2000)). This appeal is, therefore, properly before us.

[2] Turning to the merits of the appeal, when, as here, a party files a motion to compel arbitration, the trial court must perform " 'a two-step analysis requiring the trial court to ascertain both (1) whether the parties had a valid agreement to arbitrate, and also (2) whether the specific dispute falls within the substantive scope of that agreement.' " *Ellis-Don Constr., Inc. v. HNTB Corp.*, 169 N.C. App. 630, 633, 610 S.E.2d 293, 296 (2005) (quoting *Slaughter v. Swicegood*, 162 N.C. App. 457, 461, 591 S.E.2d 577, 580 (2004)). This Court has stressed repeatedly that, in making this determination, "the trial court must state the basis for its decision in denying a defendant's motion to stay proceedings [pending arbitration] in order for this Court to properly review whether or not the trial court correctly denied the defendant's motion." *Steffes v. DeLapp*, 177 N.C. App. 802, 804, 629 S.E.2d 892, 894 (2006). *See also Pineville Forest Homeowners Ass'n v. Portrait Homes Constr. Co.*, 175 N.C. App. 380, 387, 623 S.E.2d 620, 625 (2006) (reversing order denying motion to compel arbitration and remanding for "a new order containing findings which sustain its determination regarding the validity and applicability of the arbitration provisions"); *Ellis-Don Constr.*, 169 N.C. App. at 635, 610 S.E.2d at 297 (reversing and remanding because "[t]he order appealed from contained neither factual findings that allow us to review the trial court's ruling, nor a determination whether an arbitration agreement exists between the parties"); *Barnhouse v. Am. Express Fin. Advisors, Inc.*, 151 N.C. App. 507, 509, 566 S.E.2d 130, 132 (2002) ("In the instant case, there is no indication that the trial court made any determination regarding the existence of an arbitration agreement between the parties before denying defendants' motion to stay proceedings. The order denying defendants' motion to stay proceedings does not state upon what basis the court made its decision, and as such, this Court cannot properly review whether or not the court correctly denied defendants' motion.").

In this case, the trial court's order denying defendants' motion to compel arbitration stated in its entirety:

THIS MATTER came on for hearing before the undersigned Superior Court Judge at the September 18, 2007 Civil Session for

Mecklenburg County on Defendants' Motion to Dismiss, or, in the Alternative, to Stay Proceedings and Compel Arbitration. Having considered Defendants' Motion, the affidavits submitted by Plaintiff and Defendants, the arguments of counsel for both Plaintiff and Defendants, the applicable law, the pleadings and all other matters of record, this Court is of the opinion that under the facts presented in this case, Plaintiff should not be compelled to arbitrate its dispute with the Defendants and, accordingly, Defendants' Motion should be denied.

This order cannot be meaningfully distinguished from the orders in the above cited cases that were reversed as insufficient.

First, nothing in this order indicates that the trial court specifically decided, as it was required to do, whether the parties had a valid agreement to arbitrate. The order simply states that "Plaintiff should not be compelled to arbitrate," but does not indicate whether the basis for this determination was the lack of a valid arbitration agreement.

U.S. Trust contends that no findings of fact on this issue were necessary because there was no dispute regarding the existence of a valid arbitration agreement. According to U.S. Trust, the dispute is not whether the Form U-4 contained an arbitration agreement, but whether U.S. Trust was a party to that agreement. Far from justifying omission of findings of fact, this contention highlights the need for findings of fact.

U.S. Trust argues on appeal that it was not bound by the arbitration agreement signed by defendants. Thus, the first step of the required analysis was squarely before the trial court, and it was required to make findings of fact "regarding the existence of an arbitration agreement *between the parties* before denying defendants' motion to stay proceedings." *Barnhouse,* 151 N.C. App. at 509, 566 S.E.2d at 132 (emphasis added). *See also Ellis-Don Constr.,* 169 N.C. App. at 635, 610 S.E.2d at 297 (requiring "a determination whether an arbitration agreement exists *between the parties*" (emphasis added)).

In any event, the order does not set out the rationale underlying the trial court's decision to deny defendants' motion. Nothing in the order explains what about "the facts presented" persuaded the trial court that plaintiff "should not be compelled to arbitrate its dispute . . . ." As this Court recognized in *Ellis-Don Constr.,* "[w]hile denial of defendant's motion might have resulted from: (1) a lack of

privity between the parties; (2) a lack of a binding arbitration agreement; (3) this specific dispute does not fall within the scope of any arbitration agreement; or, (4) any other reason, we are unable to determine the basis for the trial court's judgment." 169 N.C. App. at 635, 610 S.E.2d at 296.

This case presents an even greater number of possible bases for the trial court's decision. U.S. Trust itself has presented a number of arguments—both based on the facts and the law—in support of the trial court's order, but this Court has no way of knowing which, if any, of those arguments were persuasive to the trial court, or whether it relied upon some other basis that might or might not be sustainable on appeal. *See also Steffes*, 177 N.C. App. at 805, 629 S.E.2d at 894 (reversing and remanding because "[t]he trial court's denial may have resulted from a number of reasons"); *Barnhouse*, 151 N.C. App. at 509, 566 S.E.2d at 132 (noting that although it was possible to infer from order that trial court found no arbitration agreement existed, "other possibilities [were] equally likely" for denial of motion, including equitable estoppel and procedural grounds).

Under these circumstances, we are required to remand for entry of a new order performing the two-step analysis required by *Ellis-Don* and including the findings of fact necessary to resolve defendants' motion. As this Court stated in *Pineville Forest Homeowners Ass'n*, 175 N.C. App. at 387, 623 S.E.2d at 625, because this case cannot be distinguished from *Ellis-Don* and "because that decision as well as *Barnhouse* are binding upon us, *see In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ('Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.')," we must reverse the order and remand to the trial court for "findings which sustain its determination regarding the validity and applicability of the arbitration provisions."

On remand, the trial court should also determine first whether the Federal Arbitration Act or North Carolina law is applicable. This Court explained in *Hobbs Staffing Servs., Inc. v. Lumbermens Mut. Cas. Co.*, 168 N.C. App. 223, 226, 606 S.E.2d 708, 711 (2005), that the question whether the Federal Arbitration Act or the North Carolina Uniform Arbitration Act applies "is a question of fact, which an appellate court should not initially decide." Therefore, as in *Hobbs*, "[t]his question should be determined by the trial court upon remand." *Id.* at

227, 606 S.E.2d at 711. Because of our resolution of this appeal, we do not address defendants' remaining arguments.

Reversed and remanded.

Panel Consisting of:

Judges ROBERT C. HUNTER, ELMORE and GEER.