MELBA F. RAPER, EXECUTRIX OF THE ESTATE OF WILLARD O. RAPER, Deceased, Plaintiff v. OLIVER HOUSE, LLC d/b/a THE OLIVER HOUSE; WENDELL HEALTH INVESTORS, LLC; THIRD STREET MANAGEMENT, LLC; AGEMARK, LLC; AGEMARK MANAGEMENT, LLC; AGEMARK MANAGEMENT SERVICES, LLC; CHARLES E. TREFZGER, JR.; and DAVID S. JONES, Defendants

No. COA06-236

(Filed 5 December 2006)

**1. Civil Procedure— allowing untimely served affidavit— abuse of discretion standard**

The trial court did not abuse its discretion in a negligence and wrongful death case by allowing and considering the untimely served affidavit of plaintiff over defendants' objection in a hearing on defendants' motion to dismiss or to compel arbitration because: (1) the trial court took such other action as the ends of justice required and proceeded with the hearing; and (2) the order did not specifically state the trial court relied upon plaintiff's late filed affidavit.

**2. Arbitration and Mediation— denial of motion to compel— unconscionability**

The trial court erred in a negligence and wrongful death case by ruling the arbitration clause in a contract between defendant

## RAPER v. OLIVER HOUSE, LLC

[180 N.C. App. 414 (2006)]

assisted living facility and plaintiff, decedent's "responsibile party" and executrix, was unconscionable based upon findings of fact wholly unsupported by any competent evidence and by denying defendants' motion to compel arbitration, because: (1) the trial court's finding that there was no independent negotiation on the terms of the contract or the arbitration agreement was not supported by any competent evidence; (2) plaintiff admitted she signed the agreement and stated she voluntarily entered into this agreement with the facility; (3) contrary to the trial court's finding, the use of a standardized form does not per se lead to unconscionability of the contract; (4) there was no evidence of lack of mutual agreement or inequality of bargaining power; (5) the agreement to arbitrate was prominently located on the last page of the contract in bold face type directly above plaintiff's signature; (6) the provisions of the agreement to arbitrate were mutual and apply equally to all parties; (7) the trial court's determination that the arbitration clause was unconscionable since it deals with a matter of substantial important was not based upon any competent evidence and does not overcome North Carolina's strong public policy presumption in favor of arbitration; and (8) the agreement was clear and unambiguous.

Appeal by defendants from order entered 29 September 2005 by Judge Ronald L. Stephens in Wake County Superior Court. Heard in the Court of Appeals 13 November 2006.

*Ferguson, Stein, Chambers, Gresham & Sumter, PA, by Adam Stein and Henson & Fuerst, PA, by Robert Fuerst and Carmaletta L. Henson, for plaintiff-appellee.*

*Bell, Davis & Pitt, P.A., by Alan M. Ruley and Michael D. Phillips, for defendants-appellants.*

TYSON, Judge.

Oliver House, LLC d/b/a The Oliver House ("defendant Oliver House"), Wendell Health Investors, LLC, Third Street Management, LLC, Agemark, LLC, Agemark Management, LLC, Agemark Management Services, LLC, Charles E. Trefzger, Jr., and David S. Jones (collectively, "defendants") appeal from order entered denying their motion to dismiss, or in the alternative, to compel arbitration and to stay litigation. We reverse and remand.

## I. Background

Melba F. Raper ("plaintiff") is the executrix of the Estate of Willard O. Raper, deceased ("decedent"). Defendant Oliver House is a residential assisted living facility where decedent lived.

On 1 September 2001, plaintiff signed a Residency and Services Admission Agreement (the "Agreement") as decedent's "Responsible Party." Under the Agreement, plaintiff was "designated [the] responsible party and hereby agree[d] to adhere to the provisions contained herein and voluntarily enter[ed] into this agreement with the Facility."

The Agreement contained an arbitration clause located directly above plaintiff's signature in prominent, bold-faced print which stated:

Arbitration. Any dispute or controversy arising out of, or relating to this Agreement, shall be settled by arbitration to be held in Hickory, North Carolina, in accordance with the rules of the American Arbitration Association or its successors. The decision of the arbitrator shall be conclusive and binding on the parties to the arbitration. Judgment may be entered on the arbitrator's decision in any court having jurisdiction, and the Facility and the Resident shall irrevocably consent to the jurisdiction of the courts of the United States of America for the Western District of the State of North Carolina for this purpose. The prevailing party in any arbitration shall be entitled to recover from the nonprevailing party the costs and expenses of maintaining such arbitration, including reasonable attorneys' fees and disbursements incurred before such arbitration is commenced, during arbitration, and on appeal.

On 20 September 2004, plaintiff filed a complaint against defendants alleging negligence, wrongful death, punitive damages, and seeking to pierce the corporate veil. On 22 November 2004, defendants filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure, or in the alternative, to compel arbitration and stay litigation pursuant to N.C. Gen. Stat. § 1-567.3.

On 31 August 2005, the trial court heard defendants' motion. At the hearing, plaintiff submitted an affidavit in support of her opposition to defendants' motion. Plaintiff failed to serve defendants with this affidavit prior to the hearing on the motion. Defendants objected

RAPER v. OLIVER HOUSE, LLC

[180 N.C. App. 414 (2006)]

to the admission of plaintiff's affidavit. After the hearing, defendants submitted a written objection to the untimely served affidavit wherein they "renew[ed] for the record their courtroom objection to the untimely service of the Affidavit of Melba Raper by Plaintiff."

On 29 September 2005, the trial court entered an order that concluded defendants' Agreement was unconscionable and void as against public policy and denied defendants' motion to dismiss, or in the alternative, to compel arbitration and stay litigation. Defendants appeal.

## II. Issues

Defendants argue the trial court erred by: (1) considering the untimely served affidavit of plaintiff over their objection and (2) denying their motion to compel arbitration on the basis of that its findings of fact and conclusions of law were unsupported by competent evidence in the record.

## III. Plaintiff's Affidavit

Defendants argue the trial court erred when it allowed and considered the untimely served affidavit of plaintiff over their objection. We disagree.

## A. Standard of Review

[1] The trial court's admission of an untimely served affidavit under Rule 6(b) and (d) of the North Carolina Rules of Civil Procedure is reviewed under an abuse of discretion. *Lane v. Winn-Dixie Charlotte, Inc.*, 169 N.C. App. 180, 184, 609 S.E.2d 456, 458-59 (2005).

## B. Analysis

N.C. Gen. Stat. § 1A-1, Rule 6(d) (2005) states:

For motions, affidavits.—A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application. When a motion is supported by affidavit, the affidavit shall be served with the motion; and except as otherwise provided in Rule 59(c), *opposing affidavits shall be served at least two days before the hearing. If the opposing affidavit is not served on the other parties at least two days before the hearing on the motion, the court may continue the matter*

*for a reasonable period to allow the responding party to prepare a response, proceed with the matter without considering the untimely served affidavit, or take such other action as the ends of justice require.* For the purpose of this two-day requirement only, service shall mean personal delivery, facsimile transmission, or other means such that the party actually receives the affidavit within the required time.

(Emphasis supplied).

It is undisputed that plaintiff failed to serve her opposing affidavit on defendants within two days prior to the trial court's hearing on defendants' motion to dismiss, or in the alternative, to compel arbitration. It is also undisputed that defendants objected to the admission of plaintiff's affidavit before and after the trial court's hearing.

The trial court did not abuse its discretion when it "[took] such other action as the ends of justice require" and proceeded with the hearing. N.C. Gen. Stat. § 1A-1, Rule 6(d); *see Shopping Center v. Insurance Corp.*, 52 N.C. App. 633, 641, 279 S.E.2d 918, 924 (Rule 6(d) allows discretion for the trial court to allow late filing of affidavits), *disc. rev. denied*, 304 N.C. 196, 285 S.E.2d 101 (1981). The trial court's order stated, "after having heard the arguments of counsel, [the court] took this matter under advisement; [and] after having reviewed the file and the briefs submitted by the parties," entered its findings of fact and conclusions of law. The order did not specifically state the trial court relied upon plaintiff's late filed affidavit. The trial court exercised its discretion when it proceeded with the hearing. This assignment of error is overruled.

## IV.  Motion to Compel Arbitration

[2] Defendants argue the trial court erred by ruling the arbitration clause in the parties' contract was unconscionable based upon findings of facts wholly unsupported by any competent evidence and denied their motion to compel arbitration. We agree.

### A.  Standard of Review

"An order denying defendants' motion to compel arbitration is not a final judgment and is interlocutory." *Tillman v. Commercial Credit Loans, Inc.*, 177 N.C. App. 568, 571, 629 S.E.2d 865, 869 (2006). "However, an order denying arbitration is immediately appealable because it involves a substantial right, the right to arbitrate claims,

which might be lost if appeal is delayed." *Id.* (citing *Burke v. Wilkins*, 131 N.C. App. 687, 688, 507 S.E.2d 913, 914 (1998)).

> A dispute can only be settled by arbitration if a valid arbitration agreement exists. The party seeking arbitration must show that the parties mutually agreed to arbitrate their disputes. The trial court's findings regarding the existence of an arbitration agreement are conclusive on appeal where supported by competent evidence, even where the evidence might have supported findings to the contrary. However, the trial court's determination of whether a dispute is subject to arbitration is a conclusion of law that is reviewable *de novo* on appeal.

*Revels v. Miss Am. Org.*, 165 N.C. App. 181, 188-89, 599 S.E.2d 54, 59 (internal citations and quotations omitted) (quoting *Slaughter v. Swicegood*, 162 N.C. App. 457, 461, 591 S.E.2d 577, 580 (2004)), *disc. rev. denied*, 359 N.C. 191, 605 S.E.2d 153 (2004); *see Pineville Forest Homeowners v. Portrait*, 175 N.C. App. 380, 385-86, 623 S.E.2d 620, 624 (2006) ("The question of whether a dispute is subject to arbitration is a question of law for the trial court, and its conclusion is reviewable *de novo*.").

### B. Analysis

Defendants argue the trial court erred in holding the arbitration agreement was unconscionable and by denying their motion to compel arbitration. "North Carolina has a strong public policy favoring arbitration." *Red Springs Presbyterian Church v. Terminix Co.*, 119 N.C. App. 299, 303, 458 S.E.2d 270, 273 (1995). "The essential thrust of the Federal Arbitration Act, which is in accord with the law of our state, is to require the application of contract law to determine whether a particular arbitration agreement is enforceable; thereby placing arbitration agreements 'upon the same footing as other contracts.' " *Futrelle v. Duke University*, 127 N.C. App. 244, 247-48, 488 S.E.2d 635, 638 (quoting *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687, 134 L. Ed. 2d 902, 909 (1996)), *disc. rev. denied*, 347 N.C. 398, 494 S.E.2d 412 (1997).

Unconscionability is an affirmative defense and the party asserting the defense bears the burden of proof. *Rite Color Chemical Co. v. Velvet Textile Co.*, 105 N.C. App. 14, 20, 411 S.E.2d 645, 649 (1992). In assessing unconscionability, a court is to consider "all the facts and circumstances of a particular case." *Brenner v. School House, Ltd.*, 302 N.C. 207, 213, 274 S.E.2d 206, 210 (1981). This Court has previ-

ously held, "[t]o find unconscionability there must be an absence of meaningful choice on part of one of the parties [procedural unconscionability] *together with* contract terms which are unreasonably favorable to the other [substantive unconscionability]." *Martin v. Sheffer*, 102 N.C. App. 802, 805, 403 S.E.2d 555, 557 (1991).

> Procedural unconscionability involves "bargaining naughtiness" in the formation of the contract, i.e., fraud, coercion, undue influence, misrepresentation, inadequate disclosure. Substantive unconscionability . . . involves the harsh, oppressive, and one-sided terms of a contract, i.e., inequality of the bargain. The inequality of the bargain, however, must be so manifest as to shock the judgment of a person of common sense, and . . . the terms . . . so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other.

*King v. King*, 114 N.C. App. 454, 458, 442 S.E.2d 154, 157 (1994) (citation omitted).

A party may condition its willingness to enter into a contract with another party upon the agreement to resolve any dispute arising from their contractual relationship through arbitration. In the absence of any evidence of bad faith, inequality, or lack of mutuality described above, the inclusion of an agreement to arbitrate is neither procedurally or substantively unconscionable. *Id.*; *see Setzer v. Insurance Co.*, 257 N.C. 396, 401, 126 S.E.2d 135, 139 (1962) ("[W]here no trick or device had prevented a person from reading the paper which he has signed or has accepted as the contract prepared by the other party, his failure to read when he had the opportunity to do so will bar his right to reformation."). A party may refuse to enter into a contract containing a provision or condition to arbitrate any disputes arising therefrom. *See Biesecker v. Biesecker*, 62 N.C. App. 282, 285, 302 S.E.2d 826, 828-29 (1983) ("[A] person signing a written instrument is under a duty to read it for his own protection, and ordinarily is charged with knowledge of its contents. Nor may he predicate an action for fraud on his ignorance of the legal effect of its terms.").

"The interpretation of the terms of an arbitration agreement are governed by contract principles and parties may specify by contract the rules under which arbitration will be conducted." *Trafalgar House Construction v. MSL Enterprises, Inc.*, 128 N.C. App. 252, 256, 494 S.E.2d 613, 616 (1998).

RAPER v. OLIVER HOUSE, LLC

[180 N.C. App. 414 (2006)]

"Persons entering contracts . . . have a duty to read them and ordinarily are charged with knowledge of their contents." *Nationwide Mut. Insur. Co. v. Edwards*, 67 N.C. App. 1, 8, 312 S.E.2d 656, 661 (1984). Long ago, our Supreme Court stated, "the law will not relieve one who can read and write from liability upon a written contract, upon the ground that he did not understand the purport of the writing, or that he has made an improvident contract, when he could inform himself and has not done so." *Leonard v. Power Co.*, 155 N.C. 10, 14, 70 S.E. 1061, 1063 (1911).

The trial court found and concluded defendants' arbitration clause to be unconscionable and unenforceable due to the combination of: (1) "the contract presented to [plaintiff] was a standardized form used by the Oliver House facility;" (2) "[t]here was no independent negotiation between the parties as to the terms of that contract;" (3) "there was no independent negotiation between the parties as to the Arbitration provision contained therein;" (4) "the arbitration agreement was signed without mutual agreement or understanding between the parties as to the terms of that agreement;" (5) "there was an inequity of bargaining power between [plaintiff] and The Oliver House;" (6) this contract relates to a matter of substantial public interest, long term care for the elderly;" and (7) "the arbitration agreement does not make clear who is bound by the terms of that contract, as it in no place refers to anyone other than [plaintiff] by name."

The trial court erred in concluding the arbitration clause was unconscionable. The trial court's finding that there was no independent negotiation on the terms of the contract or the arbitration agreement is not supported by any competent evidence. Plaintiff admitted she signed the Agreement and stated she "voluntarily enter[ed] into this agreement with the facility." *See Sciolino v. TD Waterhouse Investors Servs., Inc.*, 149 N.C. App. 642, 645, 562 S.E.2d 64, 66 (The "apparent requirement for independent negotiation underscores the importance of an arbitration provision and militates against its inclusion in contracts of adhesion." (internal quotation omitted)), *disc. rev. denied*, 356 N.C. 167, 568 S.E.2d 611 (2002). The trial court also erred in finding the use of a standardized form *per se* by the parties led to unconscionability of the contract.

The trial court erred in concluding the arbitration clause was unconscionable because of a lack of mutual agreement or inequality of bargaining power. Plaintiff's proffered affidavit stated she "met with representatives of the Oliver House on September 1, 2001, in

order to sign all of the documents necessary for Mr. Raper's admission to the Oliver House." Plaintiff also signed the Agreement and stated she "voluntarily enter[ed] into this agreement with the Facility."

The agreement to arbitrate is prominently located on the last page of the contract in bold face type, directly above plaintiff's signature. The provisions of the agreement to arbitrate are mutual and apply equally to all parties. The trial court's findings are not supported by any competent evidence and these unsupported findings of fact do not support a conclusion of unconscionability.

The trial court's determination that the arbitration clause is unconscionable because it deals with a matter of substantial importance is not based upon any competent evidence and does not overcome North Carolina's strong public policy presumption in favor of arbitration. See Red Springs Presbyterian Church, 119 N.C. App. at 303, 458 S.E.2d at 273 ("North Carolina has a strong public policy favoring arbitration.").

The trial court's finding of fact that the Agreement fails to clearly state who is bound is not supported by any competent evidence. The Agreement is clear, unambiguous, and names the decedent, plaintiff, and defendant Oliver House as parties. The trial court entered an uncontested finding of fact that plaintiff held decedent's power of attorney. Plaintiff signed the Agreement as the "Responsible Party." Defendants' motion sought to enforce the arbitration clause and Agreement against plaintiff.

It is well established that a contract is enforceable against a party who signs the contract. Love v. Harris, 156 N.C. 88, 91, 72 S.E. 150, 151 (1911). Plaintiff signed the Agreement as the Responsible Party and as decedent's attorney-in-fact. The Agreement and its arbitration clause is enforceable and provides an arbitral forum to resolve all claims or disputes arising under the parties' contract. This Court has also stated:

> In the arbitration context, the doctrine recognizes that a party may be estopped from asserting that the lack of his signature on a written contract precludes enforcement of the contract's arbitration clause when he has consistently maintained that other provisions of the same contract should be enforced to benefit him. To allow [a plaintiff] to claim the benefit of the

contract and simultaneously avoid its burdens would both disregard equity and contravene the purposes underlying enactment of the Arbitration Act.

*Ellen v. A.C. Schultes of Maryland, Inc.*, 172 N.C. App. 317, 321, 615 S.E.2d 729, 732 (2005) (citations omitted), *disc. rev. and cert. denied,* 360 N.C. 575, 635 S.E.2d 430 (2006).

The plain and clear language of the contract requires arbitration and mutually binds all parties to an arbitral forum to resolve disputes. The trial court's finding that the agreement was unclear and ambiguous regarding who would be bound by the terms is irrelevant and not determinative of whether the agreement is unconscionable.

The trial court's findings of fact are unsupported by any competent evidence. The trial court erroneously concluded the arbitration clause was unconscionable.

## V. Conclusion

Rule 6(d) provides the trial court with discretion to proceed with the hearing after plaintiff untimely submitted her affidavit. The trial court's order does not state it considered plaintiff's affidavit in its ruling.

The trial court's findings of fact are unsupported by any competent evidence. The trial court erroneously concluded as a matter of law the arbitration clause was unconscionable. We reverse and remand to the trial court for entry of an order granting defendants' motion to compel arbitration.

Reversed and Remanded.

Chief Judge MARTIN and Judge CALABRIA concur.