## EVANGELISTIC OUTREACH CTR. v. GENERAL STEEL CORP.

[181 N.C. App. 723 (2007)]

EVANGELISTIC OUTREACH CENTER, a NORTH CAROLINA CORPORATION, PLAINTIFF v.
GENERAL STEEL CORPORATION, DEFENDANT

No. COA06-558

(Filed 20 February 2007)

**1. Jurisdiction— in personam—waiver**

The trial court did not err in a fraud, unfair and deceptive trade practices, and breach of contract case by denying defendant's motion to dismiss based on lack of in personam jurisdiction, because defendant waived the right to challenge the exercise of personal jurisdiction when: (1) defendant moved to dismiss for lack of subject matter jurisdiction under N.C.G.S. § 1A-1, Rule 12(b)(1), but defendant did not cite Rule 12(b)(2) or move to dismiss based on lack of personal jurisdiction; and (2) the record does not contain any defense motion to dismiss for lack of personal jurisdiction.

**2. Appeal and Error— appealability—denial of motion to compel arbitration—substantial right**

Although defendant's appeal from the denial of its motion to compel arbitration and stay the proceedings pending arbitration is an appeal from an interlocutory order, an order denying arbitration is immediately appealable because it involves a substantial right that might be lost if appeal is delayed.

**3. Arbitration and Mediation— denial of motion to compel— failure to produce evidence of agreement to arbitrate**

The trial court did not err in a fraud, unfair and deceptive trade practices, and breach of contract case by denying defendant's motion to compel arbitration and stay the proceedings pending arbitration, because: (1) plaintiff testified by affidavit that the parties never agreed to submit their disputes to arbitration, and that plaintiff never received a copy of the conditions page or any other document referencing arbitration when it was faxed only the front side of the pertinent purchase order; (2) defendant failed to produce any evidence that plaintiff had received a page of conditions, such as a fax record, a conditions page signed or initialed by plaintiff, or a witness to negotiations between the parties about arbitration; and (3) the trial court's order clearly stated the basis for its denial of defendant's motion was defendant's failure to meet the threshold requirement that it show the existence of an agreement to arbitrate.

**EVANGELISTIC OUTREACH CTR. v. GENERAL STEEL CORP.**

[181 N.C. App. 723 (2007)]

Appeal by defendant from order entered 7 February 2006 by Judge Ripley Rand in Anson County Superior Court. Heard in the Court of Appeals 16 November 2006.

*Law Office of Henry T. Drake, by Henry T. Drake, for plaintiff-appellee.*

*Kitchin, Neal, Webb, Webb, & Futrell, P.A., by Stephan R. Futrell, for defendant-appellant.*

LEVINSON, Judge.

Defendant appeals from an order denying its motion to compel arbitration, to stay proceedings pending arbitration, and to dismiss plaintiff's lawsuit for lack of subject matter jurisdiction. We affirm.

Defendant, General Steel Corporation, is a Colorado company that sells prefabricated steel buildings. Plaintiff, Evangelistic Outreach Center, is a religious institution organized as a North Carolina non-profit corporation. In June 2004, plaintiff signed an agreement to buy a building from defendant. Thereafter, a dispute arose regarding the amount that plaintiff owed for the steel building. On 25 May 2005 plaintiff filed a complaint against defendant alleging fraud, unfair and deceptive trade practices, and breach of contract.

On 18 July 2005 defendant filed a motion to compel arbitration and to stay the proceedings pending arbitration, citing N. C. Gen. Stat. §§ 1-569.5 and 1-569.7. Defendant also moved to dismiss plaintiff's lawsuit for lack of subject matter jurisdiction, under N.C. Gen. Stat. § 1A-1, Rule 12(b)(1). On 7 February 2006 the trial court entered an order denying defendant's motion to compel arbitration and to dismiss plaintiff's complaint. Defendant appeals from this order.

---

[1] Defendant argues first that the trial court erred by denying its motion to dismiss, on the grounds that "North Carolina courts have no *in personam* jurisdiction over defendant[.]" We conclude that defendant waived the right to challenge the exercise of personal jurisdiction over it.

In the instant case, defendant moved to dismiss for lack of subject matter jurisdiction, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) (2005). However, defendant did not cite Rule 12(b)(2) or move to dismiss for lack of personal jurisdiction. Indeed, the record does not contain any defense motion to dismiss for lack of <u>personal</u>

jurisdiction. The effect of this omission is addressed in N.C. Gen. Stat. § 1A-1, Rule 12 (2005), which provides in pertinent part that:

> (b) . . . Every defense, in law or fact, to a claim for relief in any pleading, . . . shall be asserted in the responsive pleading . . . except that the following defenses may at the option of the pleader be made by motion:

> (1) Lack of jurisdiction over the subject matter,

> (2) Lack of jurisdiction over the person,

> . . . .

> (g) . . . If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted[.] . . .

> (h) . . . (1) A defense of lack of jurisdiction over the person . . . is waived (i) if omitted from a motion in the circumstances described in section (g)[.]

Rule 12(g) and (h) establish that, by failing to include a motion for dismissal under Rule 12(b)(2) with its motion under Rule 12(b)(1), defendant waived any challenge to personal jurisdiction.

Because defendant waived the issue of personal jurisdiction at the trial level, it is not properly before us for review. The pertinent assignments of error are overruled.

---

Defendant argues next that the trial court erred by denying its motion to compel arbitration and stay the proceedings pending arbitration. We disagree.

**[2]** Preliminarily we note that, although defendant appeals from an interlocutory order, "an order denying arbitration is immediately appealable because it involves a substantial right, the right to arbitrate claims, which might be lost if appeal is delayed." *Tillman v. Commercial Credit Loans, Inc.*, 177 N.C. App. 568, 571, 629 S.E.2d 865, 869 (2006) (citing *Burke v. Wilkins*, 131 N.C. App. 687, 688, 507 S.E.2d 913, 914 (1998)).

"As a general matter, public policy favors arbitration." *Sloan Fin. Grp., Inc. v. Beckett*, 159 N.C. App. 470, 477, 583 S.E.2d 325, 330 (2003) (citation omitted). However:

[T]his public policy does not come into play unless a court first finds that the parties entered into an enforceable agreement to arbitrate. As the United States Supreme Court has stressed, "arbitration is simply a matter of contract between the parties; it is a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration."

*Sears Roebuck & Co. v. Avery*, 163 N.C. App. 207, 211, 593 S.E.2d 424, 428 (2004) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943, 131 L. Ed. 2d 985, 993, (1995)).

Plaintiff herein testified by affidavit that the parties never agreed to submit their disputes to arbitration. "If a party claims that a dispute is covered by an agreement to arbitrate but the adverse party denies the existence of an arbitration agreement, the trial court shall determine whether an agreement exists. *See* N.C.G.S. § 1-567.3[]. 'The question of whether a dispute is subject to arbitration is an issue for judicial determination.' " *Slaughter v. Swicegood*, 162 N.C. App. 457, 461, 591 S.E.2d 577, 580 (2004) (quoting *Raspet v. Buck*, 147 N.C. App. 133, 136, 554 S.E.2d 676, 678 (2001)) (citing N.C. Gen. Stat. § 1-567.3, now replaced by N.C. Gen. Stat. § 1-569.7 (a)(2) (2005)). In the trial court's determination of this issue:

" 'The party seeking arbitration must show that the parties mutually agreed to arbitrate their disputes'. . . . " 'The trial court's findings regarding the existence of an arbitration agreement are conclusive on appeal where supported by competent evidence, even where the evidence might have supported findings to the contrary.' "

*Slaughter*, 162 N.C. App. at 461, 591 S.E.2d at 580 (quoting *Routh v. Snap-On Tools Corp.*, 108 N.C. App. 268, 271-72, 423 S.E.2d 791, 794 (1992), and *Sciolino v. TD Waterhouse Investor Servs., Inc.*, 149 N.C. App. 642, 645, 562 S.E.2d 64, 66 (2002)) (citations omitted).

---

[3] In the instant case, the parties disputed the existence of an agreement to arbitrate. In support of its unverified motion to compel arbitration, defendant submitted a copy of the one page purchase order signed by plaintiff, which includes a notation that the agreement is subject to "terms and conditions on the face and reverse hereof," and a copy of the back side of the purchase order, containing an arbitration clause. Defendant also offered the affidavit of defendant's Customer Service Manager, stating that he faxed plaintiff both the front of the purchase order and the conditions page on the reverse

EVANGELISTIC OUTREACH CTR. v. GENERAL STEEL CORP.

[181 N.C. App. 723 (2007)]

side, and that plaintiff faxed back a signed copy of the purchase order front page.

Plaintiff opposed defendant's motion on the grounds that it had not agreed to arbitration. Plaintiff filed a verified response to defendant's request for admissions, denying that defendant had faxed the "conditions" page on the back of the purchase order. Plaintiff also submitted the affidavit of Hattie Cash, minister of Evangelistic Outreach, who averred that: (1) defendant never faxed plaintiff a second or back page to the purchase order; (2) plaintiff never received any documents from defendant that referred to arbitration; and (3) plaintiff had not entered into a contract with defendant that included arbitration.

The trial court denied defendant's motion in an order stating in relevant part that "[t]he Defendant has failed in its burden of proof to prove that there was an agreement between the parties to arbitrate." Thus, the trial court denied defendant's motion on the grounds that proof of the very <u>existence</u> of an arbitration agreement was lacking. We conclude that the evidence supports this conclusion.

Defendant, however, asserts that the trial court erred by denying its motion to compel arbitration, notwithstanding plaintiff's sworn denial that it ever received a copy of the conditions page or any other document referencing arbitration. Defendant cites no authority for this contention, and the relevant precedent suggests otherwise.

For example, in *Sciolino*, 149 N.C. App. at 644, 562 S.E.2d at 65, plaintiffs signed an account application stating in part that their signatures represented an acknowledgment that they had "read, understand, and agree to be bound by the terms of the attached Customer Agreement" and that the "enclosed Customer Agreement" included an arbitration clause. The trial court found in part that "Plaintiffs deny having been provided with a copy of the customer agreement. [Plaintiff] testified, by affidavit, that he had searched his files, and did not have a copy of a customer agreement. . . . Plaintiffs have disputed the existence of an agreement to arbitrate. After having conducted a plenary hearing, the court finds that the existence of an agreement to arbitrate has not been demonstrated." *Id.* at 643-44, 562 S.E.2d at 65. This Court upheld the trial court's ruling:

Plaintiffs deny . . . that defendants attached any type of document to the application. . . . [Defendants offered two] customer agreements, neither of which is attached to the application . . . and nei-

ther of which bears plaintiffs' signatures. . . . Defendants produced no evidence that plaintiffs actually received either customer agreement[.] . . . Thus, there was competent evidence before the trial court that defendants failed to attach a customer agreement to the account application. . . . In light of the lack of evidence presented by defendants in support of their contention that plaintiffs agreed to arbitrate their claim, we hold that the trial court properly concluded that defendants failed to demonstrate that there was a valid agreement to arbitrate.

*Id.* at 646, 562 S.E.2d at 66-67; *see also, e.g., Slaughter,* 162 N.C. App. at 461, 591 S.E.2d at 580 (upholding trial court's finding that defendant failed to meet burden of proof on existence of an arbitration agreement).

In the instant case, as in *Sciolino,* plaintiff denied receiving a document containing an arbitration clause, and asserted that defendant faxed only the front side of the purchase order. Defendant submitted an affidavit that it had faxed both sheets, but conceded that plaintiff only returned a front page. Defendant failed to produce any evidence that plaintiff had received a page of conditions, such as a fax record, a conditions page signed or initialed by plaintiff, or a witness to negotiations between the parties about arbitration. We conclude that, as in *Sciolino* and similar cases, competent evidence supported the trial court's finding that there was no agreement to arbitrate. This assignment of error is overruled.

Defendant also argues that we should reverse the trial court's order on the grounds that it contains insufficient findings of fact to permit appellate review. In support of this assertion, defendant cites *Ellis-Don Constr., Inc. v. HNTB Corp,* 169 N.C. App. 630, 610 S.E.2d 293 (2005), in which this Court remanded for further findings by the trial court. However, *Ellis-Don* and cases similar to it are easily distinguishable from the instant case. In *Ellis-Don,* the trial court's order stated simply that upon "reviewing all matters submitted and hearing arguments of counsel, the Court is of the opinion that both motions should be denied." *Id.* at 634, 610 S.E.2d at 296. This Court reversed and remanded:

the trial court's order does not indicate whether it determined if the parties were bound by an arbitration agreement. While denial of defendant's motion might have resulted from: (1) a lack of privity between the parties; (2) a lack of a binding arbitration agreement; (3) this specific dispute does not fall within the scope of

any arbitration agreement; or, (4) any other reason, we are unable to determine the basis for the trial court's judgment.

*Id.* at 635, 610 S.E.2d at 296. In the instant case, however, the trial court's order clearly states that the basis for the trial court's denial of defendant's motion was defendant's failure to meet the threshold requirement that it show the existence of an agreement to arbitrate.

Moreover, the evidence in the present case was simple, and the issue very clear. The question before the trial court was whether, in the face of plaintiff's sworn denial that it had received any information about arbitration, the statement on defendant's purchase order that referenced "conditions" on "the reverse hereof" was enough to meet defendant's burden to show that the parties mutually agreed to arbitration. The trial court's ruling was necessarily based on defendant's failure to produce evidence that plaintiff received, and agreed to, the arbitration clause on the back of the purchase order. This assignment of error is overruled.

For the reasons discussed above, we conclude that the trial court did not err by denying defendant's motion to compel arbitration and that its order should be

Affirmed.

Judges GEER and JACKSON concur.