**D.P. SOLUTIONS, INC. v. XPLORE-TECH SERVS. PRIVATE LTD.**

[211 N.C. App. 632 (2011)]

while he was sitting at a table in the public park). Thus, a public park may include activities which are governmental and protected by governmental immunity as well as proprietary functions which are not.

As to the third and fourth factors, defendant charged $75.00 for the use of Fun Junktion for a private party but did not make a profit from the rental fees for Fun Junktion. Defendant states in its brief that "[f]or the fiscal year 1 July 2006 through 30 June 2007, Pasquotank County spent $160,384 operating Fun Junktion and received only $2,052 in revenues from its operation . . ., a ratio of revenue to expenditures of 1.3%." Thus, defendant was involved in a traditional government function that could be performed by private entities and did so for a substantial fee although it did not make a profit. In weighing the application of the factors to this case, we are mindful that the second factor is the most important, as the "guiding principle" is "[i]t is proprietary and private when any corporation, individual, or group of individuals could do the same thing." *Evans*, 359 N.C. at 54, 602 S.E.2d at 671. Accordingly, we conclude that defendant was involved in a proprietary function in the operation of the party facilities at Fun Junktion.

### III. Conclusion

As we conclude that defendant was engaging in a proprietary function, we affirm the trial court's denial of summary judgment.

AFFIRMED.

Judges BRYANT and BEASLEY concur.

---

D.P. SOLUTIONS, INC., Plaintiff v. XPLORE-TECH SERVICES PRIVATE LIMITED, PANKAJ DHANUKA AND KISHORE SARAOGI, Defendants

No. COA10-1229

(Filed 3 May 2011)

**Arbitration and Mediation— personal guarantee—arbitration clause—agreement between plaintiff and corporate defendant**

The trial court did not err by concluding that individual defendants could not compel arbitration of a personal guarantee, made in their individual capacities, based on an arbitration clause in an agreement between corporate defendant and plaintiff.

Appeal by Defendants from order entered 9 July 2010 by Judge Catherine C. Eagles in Guilford County Superior Court. Heard in the Court of Appeals 24 February 2010.

*Blanco Tackabery & Matamoros, P.A., by Elliot A. Fus, for Defendants.*

*Sharpless & Stavola, P.A., by Eugene E. Lester III, for Plaintiff.*

THIGPEN, Judge.

The issue raised on this appeal is whether the individual defendants, Pankaj Dhanuka and Kishore Saraogi, can compel arbitration of personal guarantees, made in their individual capacity, based on the arbitration clause contained in a Share Purchase Agreement entered into between Plaintiff and the corporate defendant. We conclude they cannot and affirm the order of the trial court.

The evidence of record tends to show that DP Solutions, Inc. ("Plaintiff") and Xplore-Tech[1] entered into a Share Purchase Agreement ("Agreement") on 12 April 2007. The Agreement contained an arbitration clause. On 23 April 2007, Defendants Dhanuka and Saraogi entered into a Personal Guarantee of the Share Purchase Agreement[2] ("Guarantee"), which did not contain an arbitration clause. On 22 March 2010, Plaintiff filed a complaint alleging Defendant Xplore-Tech "failed and refused to pay [Plaintiff] the consideration for the transaction owed to [Plaintiff] under the Agreement in an amount in excess of $3,200,000." Plaintiff further alleged that "Pankaj Dhanuka and Kishore Saraogi personally guaranteed . . . payment of $610,000 (USD) to [Plaintiff]" and that "[t]he total amount of $610,000 has not been paid to [Plaintiff] as . . . guaranteed by Pankaj Dhanuka and Kishore Saraogi[.]" Plaintiffs also alleged that the court should "disregard [the] corporate entity," Xplore-Tech.[3]

---

1. Pankaj Dhanuka and Kishore Saraogi are citizens and residents of India and also principals of Xplore-Tech (hereinafter, "Defendants Dhanuka and Saraogi," "Defendant Xplore-Tech," or collectively, "Defendants").

2. The two contracts were not "contemporaneously executed written instruments[.]" *Yates v. Brown*, 275 N.C. 634, 640, 170 S.E.2d 477, 482 (1969) (stating that "[a]ll contemporaneously executed written instruments between the parties, relating to the subject matter of the contract, are to be construed together in determining what was undertaken").

3. Defendants argue the "claim to impose all the alleged liability of Xplore-Tech under the [Agreement] to Dhanuka and Saraogi pursuant to an 'alter ego' theory . . .

On 2 June 2010, Defendants filed a motion to dismiss and to compel arbitration or to stay the proceedings pending arbitration, arguing that the Agreement contained a dispute resolution clause, which stated that "[a]ny dispute which cannot be settled within 20 days of consultation, shall be submitted to arbitration at the request of any Party[.]" Defendants prayed that the court "place the case on inactive status" and "compel arbitration[.]"

On 9 July 2010, the trial court entered an order staying the breach of contract claim against Defendant Xplore-Tech and compelling arbitration "per Section 11.12 of the Share Purchase Agreement[.]" The order, however, decreed that Plaintiff's remaining claims against Defendants Dhanuka and Saraogi were not stayed and would proceed to trial. From this order, Defendants appeal.[4]

Primarily we note that "[a]n order denying defendants' motion to compel arbitration is not a final judgment and is interlocutory." *Raper v. Oliver House, LLC*, 180 N.C. App. 414, 418, 637 S.E.2d 551, 554 (2006) (citation omitted). "However, an order denying arbitration is immediately appealable because it involves a substantial right, the right to arbitrate claims, which might be lost if appeal is delayed." *Raper*, 180 N.C. App. at 418-19, 637 S.E.2d at 554.

"The question of whether a dispute is subject to arbitration is an issue for judicial determination." *Revels v. Miss Am. Org.*, 165 N.C. App. 181, 188, 599 S.E.2d 54, 59, *disc. review denied*, 359 N.C. 191, 605 S.E.2d 153 (2004) (quotation omitted). "This determination involves a two-step analysis requiring the trial court to ascertain both (1) whether the parties had a valid agreement to arbitrate, and also (2) whether the specific dispute falls within the substantive scope of that agreement." *Id.* (quotation omitted).

---

should be governed by the [Agreement] and not by the Guarantee." We agree. Any claim regarding the corporate entity, Defendant Xpore-Tech, including piercing the corporate veil, must necessarily have been made pursuant to the Agreement, which contained an arbitration clause, rather than the Guarantee, because Defendant Xplore-Tech was not a party to the Guarantee.

4. We note the trial court did not make findings of fact, and this Court has required that the findings of fact "state the grounds for the trial court's denial of defendant's motion to stay and compel arbitration." *Ellis-Don Constr., Inc. v. HNTB Corp.*, 169 N.C. App. 630, 634, 610 S.E.2d 293, 296 (2005). However, Defendants do not argue in their brief that the findings of fact were deficient. "Issues not presented and discussed in a party's brief are deemed abandoned." N.C. R. App. 28(a) (2011). Moreover, "the evidence in the present case was simple, and the issue very clear." *Evangelistic Outreach Ctr. v. Gen. Steel Corp.*, 181 N.C. App. 723, 729, 640 S.E.2d 840, 844 (2007). The question for the trial court was whether Defendants Dhanuka and Saraogi met the "threshold requirement [to] show the existence of an agreement to arbitrate." *Id.*

A dispute can only be settled by arbitration if a valid arbitration agreement exists. The party seeking arbitration must show that the parties mutually agreed to arbitrate their disputes. The trial court's findings regarding the existence of an arbitration agreement are conclusive on appeal where supported by competent evidence, even where the evidence might have supported findings to the contrary. However, the trial court's determination of whether a dispute is subject to arbitration is a conclusion of law that is reviewable *de novo* on appeal.

*Id.* (quotation and citations omitted).

In the case *sub judice*, Defendants do not argue that the Guarantee contained an arbitration clause. Rather, Defendants' sole argument on appeal is that the arbitration clause in the Agreement between Plaintiff and Defendant Xplore-Tech should also apply to the personal Guarantee of Defendants Dhanuka and Saraogi.

"[A]rbitration is simply a matter of contract between the parties; it is a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration." *Evangelistic Outreach Ctr.*, 181 N.C. App. at 726, 640 S.E.2d at 843 (quotation omitted). "Because the duty to arbitrate is contractual, only those disputes which the parties agreed to submit to arbitration may be so resolved[;] [t]o determine whether the parties agreed to submit a particular dispute or claim to arbitration, we must look at the language in the agreement[.]" *Rodgers Builders, Inc. v. McQueen*, 76 N.C. App. 16, 23-24, 331 S.E.2d 726, 731 (1985), *disc. review denied*, 315 N.C. 590, 341 S.E.2d 29 (1986) (quotations omitted).

"A *guaranty of payment* is an absolute promise by the guarantor to pay the debt at maturity if it is not paid by the principal debtor." *EAC Credit Corp. v. Wilson*, 281 N.C. 140, 145, 187 S.E.2d 752, 755 (1972). "The obligation of the guarantor is separate and independent of the obligation of the principal debtor, and the creditor's cause of action against the guarantor ripens immediately upon failure of the principal debtor to pay the debt at maturity." *Id.* (citation omitted) "The rights of the plaintiff against the guarantor arise out of the guaranty contract and must be based on the contract." *Hudson v. Game World*, 126 N.C. App. 139, 145-46, 484 S.E.2d 435, 440 (1997). "A guaranty is a special contract, and the guarantor is not in any sense a party to the note." *Coleman v. Fuller*, 105 N.C. 328, 330, 11 S.E. 175, 176 (1890).

"When the language of a contract is clear and unambiguous, construction of the contract is a matter for the court." *Self-Help Ventures Fund v. Custom Finish, LLC*, 199 N.C. App. 743, 747, 682 S.E.2d 746, 749 (2009), *appeal dismissed*, 363 N.C. 856, 694 S.E.2d 392 (2010) (quotation omitted). "It is a well-settled principle of legal construction that [i]t must be presumed the parties intended what the language used clearly expresses, and the contract must be construed to mean what on its face it purports to mean." *Id.* (quotation omitted).

Defendants cite *Ellison v. Alexander*, —— N.C. App. ——, ——, 700 S.E.2d 102, 111 (2010), for the proposition that when the "alleged liability arises from [a defendant's] actions as an agent of the corporate signatory to the arbitration agreement, [the] [d]efendant is entitled to enforce the arbitration clause." *Ellison*, however, is distinguishable from this case. In *Ellison*, the "[p]laintiffs' claims [were] predicated" on the defendant's misrepresentations of facts "in his capacity as CEO and director in order to induce Plaintiffs to invest" in the corporate signatory, and the plaintiffs' complaint "allege[d] actions taken by Defendant in his capacity as an officer and director" of the corporate signatory. *Ellison*, —— N.C. App. at ——, 700 S.E.2d at 111-12. Here, although Defendants Dhanuka and Saraogi contend they were acting as corporate agents, Defendants do not explain *how* they were acting as the corporate agents of Defendant Xplore-Tech when they entered into the Guarantee. Moreover, the express terms of the Guarantee state that Defendants Dhanuka and Saraogi were acting in their individual capacities:

> If for any reason the amounts of $500,000 within 90 days of the Signed Purchase Agreement and/or the amount not to exceed $110,000 within 180 days of the signed Purchase Agreement are not paid by either Help Desk Now, Inc. or Xplore-Tech Services Private Limited, Punkaj Dhanuka and Kishore Saraogi will *personally* pay the amount(s) owed within 15 days of the dates that such unpaid amounts were to have been paid. This *personal* guarantee by both Punjak Dhanuka and Kishore Saraogi is provided to assure both DPSI and its Shareholders that have provided funding to Help Desk NOW, Inc., and that is to be repaid, that the amounts agreed upon will be paid. (Emphasis added).

The Guarantee further provides, without mention of arbitration, the following:

> This unconditional *personal* guarantee from both *individuals*, if necessary, may be enforced in the courts of the U.S., India, or

both the U.S. and India, if necessary. All expenses associated with DPSI's and its Shareholders to collect on this Guarantee from the guarantors will be borne by the guarantors or be awarded to DPSI and the Shareholders *in a court of law*. (Emphasis added).

Based on the foregoing evidence, and because the law requires that "[t]he obligation of [a] guarantor is separate and independent of the obligation of the principal debtor[,]" *Wilson*, 281 N.C. at 145, 187 S.E.2d at 755, the parties' rights "arise out of the guaranty contract and must be based on the contract[,]" *Hudson*, 126 N.C. App. at 145-46, 484 S.E.2d at 440, and this Court presumes "the parties intended what the language used clearly expresses[,]" *Self-Help Ventures Fund*, 199 N.C. App. at 747, 682 S.E.2d at 749, we hold that the trial court did not err by concluding Defendants Dhanuka and Saraogi could not compel arbitration of the personal Guarantee, made in their individual capacities, based on the arbitration clause in the Agreement between Defendant Xplore-Tech and Plaintiff.

AFFIRMED.

Judges STROUD and HUNTER, JR., concur.