STATE FARM FIRE AND CASUALTY CO., as Subrogee of JASON TORRANCE, Plaintiff v. DURAPRO; WATTS WATER TECHNOLOGIES, INC.; WAXMAN INDUSTRIES, INC.; BARNETT BRASS AND COPPER, INC.; NIBCO, INC.; LINX LTD.;INTERLINE BRANDS, INC., Defendants

No. COA10-611

(Filed 17 May 2011)

**1. Appeal and Error— interlocutory orders and appeals— motion to dismiss—jurisdiction over person**

Although an order denying defendant Linx's motion to dismiss for lack of jurisdiction was interlocutory, appeal of the decision was proper under N.C.G.S. § 1-277(b).

**2. Jurisdiction— personal—motion to transfer—jurisdictional defense waived**

The trial court properly denied defendant Linx's motion to dismiss for lack of personal jurisdiction where Linx had filed a motion to transfer the action from district to superior court two months earlier. Although an earlier extension of time to answer or otherwise respond did not in itself waive the defense, it did not mean that any N.C.G.S. § 1A-1, Rule 12(b) defense was preserved through the date of the extension regardless of other motions that might be filed.

Appeal by defendant from order entered 24 February 2010 by Judge Abraham Penn Jones in Orange County Superior Court. Heard in the Court of Appeals 4 November 2010.

*Law Office of Stephen R. Paul, by Stephen R. Paul and L. Skye MacLeod, for plaintiff-appellee.*

*Forman Rossabi Black, P.A., by Emily J. Meister and Amiel J. Rossabi, for defendant-appellant Linx, Ltd.*

GEER, Judge.

Defendant Linx, Ltd. appeals from an order of the trial court denying its motion to dismiss plaintiff State Farm Fire and Casualty Co.'s complaint for lack of personal jurisdiction. Under N.C. Gen. Stat. § 7A-258(f) (2009) and Rule 12 of the Rules of Civil Procedure, Linx waived its personal jurisdiction defense when it filed its motion to dismiss two months after having filed a motion to transfer the action from district court to superior court. We, therefore, hold that the trial court properly denied Linx's motion to dismiss.

STATE FARM FIRE &. CAS. CO. v. DURAPRO

[212 N.C. App. 216 (2011)]

Facts

On 23 September 2009, State Farm commenced this action by filing a complaint against Linx (a Rhode Island corporation) and six other defendants asserting claims for negligence and breach of express and implied warranties. State Farm alleged that, in 2003, one or more of the defendants manufactured, designed, and sold a toilet supply line that was subsequently installed in a home that was insured by State Farm. In September 2006, a coupling nut on the toilet fractured, causing extensive damage to the house and the homeowner's personal property.

On 22 October 2009, Linx filed a motion, pursuant to N.C. Gen. Stat. §§ 7A-258 and 7A-243, to transfer the action from Orange County District Court to Orange County Superior Court on the grounds that the amount in controversy exceeded $10,000.00. On the same day, Linx also filed a motion for extension of time to answer or otherwise move in response to State Farm's complaint. The trial court granted Linx's motion for extension of time, allowing Linx through 14 December 2009 to respond to State Farm's complaint. Shortly thereafter, defendant Interline Brands, Inc. also filed a motion to transfer or alternatively a motion to dismiss the action for having been filed in an improper division of the General Court of Justice.

Subsequently, on 14 December 2009, Linx filed a motion to dismiss, pursuant to Rule 12(b)(2) of the Rules of Civil Procedure, for lack of personal jurisdiction. Linx attached the affidavit of its Vice President, stating that Linx had not conducted business within North Carolina; was not registered to conduct business in North Carolina; has not maintained a place of business within North Carolina; has not owned or leased any real property within North Carolina; does not and never has had a post office box, mailing address, phone number, or bank account within North Carolina; and has not advertised within North Carolina or directed advertisements to the state. In addition, the affidavit stated that Linx did not sell, provide, or ship the toilet supply line at issue to the homeowner or his builder and did not receive any payment from the homeowner or his builder.

On 8 February 2010, the trial court granted Interline Brands' motion to transfer the action to superior court, but denied its motion to dismiss. On 24 February 2010, the trial court entered an order denying Linx's motion to dismiss for lack of personal jurisdiction. Linx has appealed to this Court from the order denying its motion to dismiss.

## Discussion

**[1]** Although the order denying Linx's motion to dismiss is an interlocutory order, Linx's appeal of the trial court's Rule 12(b)(2) decision is proper under N.C. Gen. Stat. § 1-277(b) (2009). *See Love v. Moore*, 305 N.C. 575, 581, 291 S.E.2d 141, 146 (1982) ("[T]he right of immediate appeal of an adverse ruling as to jurisdiction over the person, under [N.C. Gen. Stat. § 1-277(b)], is limited to rulings on 'minimum contacts' questions, the subject matter of Rule 12(b)(2).").

**[2]** On appeal, Linx contends that the court erred in denying its motion to dismiss because State Farm has failed to establish jurisdiction under North Carolina's long-arm statute and that Linx has the necessary minimum contacts with this state. State Farm, however, has argued that Linx waived its personal jurisdiction defense by first filing a motion to transfer under N.C. Gen. Stat. § 7A-258(a). We agree.

On 22 October 2009, Linx filed a motion to transfer pursuant to N.C. Gen. Stat. § 7A-258(a), which authorizes any party to move to transfer a civil action to the proper division when the action has been filed in an improper division. N.C. Gen Stat. § 7A-258(f), however, specifically provides: "Objection to the jurisdiction of the court over person or property is waived when a motion to transfer is filed unless such objection is raised at the time of filing or before." Since Linx did not raise its objection to personal jurisdiction on or before 22 October 2009, the date the motion to transfer was filed, Linx waived any objection based on personal jurisdiction.

In response, Linx argues that the Rules of Civil Procedure "supersede" N.C. Gen. Stat. § 7A-258(f). Rule 1 of the Rules of Civil Procedure, however, expressly precludes that argument: "These rules shall govern the procedure in the superior and district courts of the State of North Carolina in all actions and proceedings of a civil nature *except when a differing procedure is prescribed by statute.*" (Emphasis added.) Linx's argument is also inconsistent with N.C. Gen. Stat. § 7A-258(f)'s express reference to Rule 12: "In no other case does the filing of a motion to transfer waive any rights under other motions or pleadings, nor does it prevent the filing of other motions or pleadings, except as provided in Rule 12 of the Rules of Civil Procedure."

Regardless, Rule 12 and N.C. Gen. Stat. § 7A-258(f) are consistent. According to Rule 12(b), a motion asserting a defense of personal jurisdiction "shall be made before pleading if a further pleading is permitted." Rule 12(b) further states that "[t]he consequences of fail-

ure to make such a motion" shall be as provided in Rule 12(g) and 12(h). Rule 12(g) and 12(h) provide:

(g) *Consolidation of defenses in motion.*—A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in section (h)(2) hereof on any of the grounds there stated.

(h) *Waiver or preservation of certain defenses.*—

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (i) if omitted from a motion in the circumstances described in section (g), or (ii) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a necessary party, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.

(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Under these provisions of Rule 12(b), (g), and (h), Linx was required to file its motion pursuant to Rule 12(b)(2) at the same time or before it filed its motion to transfer. Because Linx sought adjudicative relief from the trial court through the motion to transfer and did not consolidate its Rule 12(b)(2) motion with the transfer motion, Rule 12(h)(1) provides that Linx waived its objection to personal jurisdiction. *See, e.g., Evangelistic Outreach Ctr. v. Gen. Steel Corp.,* 181 N.C. App. 723, 725, 640 S.E.2d 840, 842 (2007) ("Rule 12(g) and (h) establish that, by failing to include a motion for dismissal under Rule 12(b)(2) with its motion under Rule 12(b)(1), defendant waived any challenge to personal jurisdiction."); *Humphrey v. Sinnott,* 84 N.C. App. 263, 265-66, 352 S.E.2d 443, 445 (1987) (holding that when defendant moved to change venue prior to asserting his Rule 12(b)(2)

defense, he "necessarily invoked the adjudicatory and discretionary power of the court as to the relief which he requested" and, therefore, "waived any objection to personal jurisdiction," and his motion to dismiss should have been denied).

In arguing otherwise, Linx points to the language in Rule 12(b), which provides that "[o]btaining an extension of time within which to answer or otherwise plead shall not constitute a waiver of any defense herein set forth." Linx repeatedly asserts, citing only this language, that once its motion for extension of time was filed, "the defense of lack of personal jurisdiction was preserved." Linx has, however, misread this exception. Rule 12(b) provides only that filing a motion for extension of time does not *in itself waive* the defense. The granting of an extension of time to move or respond to a complaint does not mean that any Rule 12(b) defense is preserved through the date of the extension irrespective of whatever other motions may be filed before the expiration of the extension. To the contrary, Linx's filing of a motion for extension of time before or simultaneously with its motion to transfer did not provide a blanket preservation of its personal jurisdiction objection.

In sum, Rule 12 and N.C. Gen. Stat. § 7A-258(f) establish that Linx, by filing its motion to transfer two months prior to its Rule 12(b)(2) motion, waived any defense under Rule 12(b)(2). The trial court, therefore, properly denied Linx's motion to dismiss for lack of personal jurisdiction.

Affirmed.

Judges CALABRIA and THIGPEN concur.